■ Alfred F. Sirica, Appellant, v Cellular Telephone Company, Doing Business as Cellular One, Respondent. [647 NYS2d 219] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered October 24, 1995, which denied plaintiff's motions to certify as a class subscribers to defendant's cellular

telephone service, and for leave to amend the second amended complaint to include a cause of action under Public Service Law § 91 (2) (a), unanimously affirmed, without costs.

The motion court properly denied class certification. Defendant's contractual liability, if any, is individual in nature, especially in view of its credit policy. We reject plaintiff's argument for a statistically based assessment of damages absent any certain quantification of actual losses of putative class members arising from defects in defendant's system (see, In re Fibreboard Corp., 893 F2d 706). Thus, any award of damages will require individual assessments as to all putative class members, such that a class action would not be an efficient and superior means of resolving the claims raised by plaintiff (see, Strauss v Long Is. Sports, 60 AD2d 501). Plaintiff's motion for leave to interpose a claim alleging a discriminatory refund policy was also properly denied absent any proof showing disparate treatment of similarly situated customers within a definable time frame. Concur—Murphy, P. J., Rosenberger, Wallach and Nardelli, JJ.