■ DAVID Z. GORDON et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v FORD MOTOR COMPANY, Respondent. [687 NYS2d 369] —Order, Supreme Court, New York County (Lewis Friedman, J.), entered February 6, 1998, which denied plaintiffs' motion to certify as a class, in an action for breach of express warranty and breach of implied warranty of merchantability, all owners of 1988 and 1989 year model Lincoln Continentals, unanimously affirmed, without costs.

Plaintiffs failed to meet their burden of establishing that common issues of law would predominate in a nationwide class

action suit alleging breach of implied warranty of merchantability (*see, Ackerman v Price Waterhouse*, 252 AD2d 179, 194). Certification of a New York class was properly denied since questions affecting individual members of the putative class predominate over common issues of law or fact (CPLR 901 [a]; *Small v Lorillard Tobacco Co.*, 252 AD2d 1, 8). Plaintiffs point to a common issue, whether the vehicles were defectively designed. However, the existence of a common issue does not by itself suffice to establish the predominance of issues common to the putative class necessary to justify a class action (*Small v Lorillard Tobacco Co., supra*, at 10). To establish breach of an implied warranty of merchantability, plaintiffs must prove that their vehicles are not fit for their ordinary purpose (UCC 2-314), a matter indeterminable herein except by inquiries directed to each member of the class (*see, Feinstein v Firestone Tire & Rubber Co.*, 535 F Supp 595, 604). Given the enormity of the potential class, possibly numbering as many as 60,000 persons, the necessity of conducting such individual inquiries would become the predominant focus of the litigation, rendering the litigation extremely difficult if not impossible to manage, and an inefficacious means of adjudicating any underlying common issue respecting defective design (*Small v Lorillard Tobacco Co., supra*, at 10).

Similarly, defendant's contractual liability for breach of express warranty is individual in nature, especially in view of the different kinds of warranties covering various components and in view of plaintiffs' claims that the vehicles manifested various defects (*see, Sirica v Cellular Tel. Co.*, 231 AD2d 470). Concur—Ellerin, P. J., Tom, Wallach and Saxe, JJ.