(February 3, 2000)

■ LYNN A. CARNEGIE, on Behalf of Herself and All Others Similarly Situated, Appellant-Respondent, v H&R BLOCK, INC., et al., Respondents-Appellants. [703 NYS2d 27] —Order, Supreme Court, New York County (Louise Gruner Gans, J.), entered on or about October 27, 1998, which, insofar as appealed from, as limited by the briefs, granted defendants' motion to dismiss

the second amended complaint to the extent of dismissing plaintiff's first cause of action, for violation of General Obligations Law § 5-531, and second cause of action, for breach of fiduciary duty, and granted plaintiff's motion for class certification (consolidated for disposition with the motion to dismiss) with respect to the surviving third cause of action, for deceptive acts or practices in violation of General Business Law § 349, unanimously modified, on the law, the facts and in the exercise of discretion, to deny plaintiff's motion for class certification, and otherwise affirmed, without costs.

The second amended complaint alleges that plaintiff engaged defendants (collectively, Block) to prepare and electronically file her Federal income tax return in 1995. Plaintiff alleges that she understood that, as a result of filing her return electronically, which she was required to do through an IRS-approved electronic filer such as Block, she would receive her tax refund more quickly (within approximately 14 days if she chose to receive the refund by wire transfer) than she would if she filed by mail. Plaintiff further alleges, however, that Block induced her, through allegedly deceptive conduct, to obtain an unneeded and unwanted "refund anticipation loan" (RAL), under which plaintiff assigned her anticipated refund to a bank in exchange for a short-term loan of a duration equal to the waiting period for the refund, for which plaintiff incurred a finance charge translating into an extremely high annual percentage rate of interest (APR). It is alleged that Block benefits from inducing its customers to obtain RALs through fees the lending bank pays Block for procuring RAL business, and through Block's alleged interest in the bank's profits and losses.

The cause of action for violation of General Obligations Law § 5-531, alleging that, for procuring plaintiff's RAL business, Block received a fee from the lending bank in excess of 0.5% of the amount of the RAL, was properly dismissed as preempted by Federal law. Requiring electronic filers operating nationally, such as Block, to comply with potentially varying State laws limiting fees for loan brokerage or procurement to a percentage of the loan, at the same time as they must comply with IRS Revenue Procedure 97-60 § 10.04 (1997-52 IRB 44), which prohibits them from charging fees for services rendered in connection with RALs that are related to the amount of the RAL or that vary from State to State, would be impracticable. General Obligations Law § 5-531 is therefore preempted in this context, since its enforcement here would impede fulfillment of the purposes of the Federal regulatory program (*see, Guice v Schwab & Co.*, 89 NY2d 31, 39, *cert denied* 520 US 1118, cit-

ing, *inter alia*, *Barnett Bank v Nelson*, 517 US 25, 31, and *Capital Cities Cable v Crisp*, 467 US 691, 699-700).

The motion court also correctly dismissed the cause of action for breach of fiduciary duty, since Block was not acting as plaintiff's agent in soliciting her to enter into the RAL transaction, which plaintiff did by her own acts as principal (*see*, *Beckett v H&R Block*, 306 Ill App 3d 381, 391, 714 NE2d 1033, 1041 [1st Dist, 2d Div]). The RAL transaction is not alleged to have occurred in the context of any broader relationship of trust and confidence, but was simply incident to "an armslength, isolated transaction for tax preparation services and basic tax advice" (*Peterson v H&R Block Tax Servs.*, 971 F Supp 1204, 1214 [ND Ill]), and the disparity in sophistication between the parties did not, without more, give rise to any fiduciary duty (*see*, *Gaidon v Guardian Life Ins. Co.*, 255 AD2d 101, 102, *mod on other grounds* 94 NY2d 330).

The motion court erred, however, in granting class certification on the surviving cause of action under General Business Law § 349 (h), since the oral communications that allegedly induced members of the putative class of Block customers to obtain RALs cannot be proven on a class basis, but would require individualized proof in the case of each class member, and issues arising in this connection would overwhelm any questions common to the class (CPLR 901 [a] [2]; *see*, *Banks v Carroll & Graf Publs.*, 267 AD2d 68, 69; *Gordon v Ford Motor Co.*, 260 AD2d 164, 164-165; *Small v Lorillard Tobacco Co.*, 252 AD2d 1, 6-12, *affd* 94 NY2d 43). Although deceptive statements in uniform documents distributed to a class may support class certification (*see*, *e.g.*, *Pruitt v Rockefeller Ctr. Props.*, 167 AD2d 14, 21), plaintiff has failed to adduce any deceptive statements in the forms she received in connection with the RAL transaction. Those documents did not recommend RALs, and disclosed, *inter alia*, that the customer could expect to be charged an extremely high APR for a RAL and could file electronically without obtaining a RAL. Nor can class certification be based on Block's advertising, since questions of whether each individual was exposed to, and influenced by, the advertising would predominate (*see*, *Small v Lorillard Tobacco Co.*, *supra*, at 10) and plaintiff, who admitted at her deposition that she did not recall seeing any Block advertising before visiting Block's office, would be atypical of the class (*see*, CPLR 901 [a] [3]). Concur—Sullivan, J. P., Nardelli, Andrias and Friedman, JJ. [*See*, 180 Misc 2d 67.]