■ FRANK J. GAIDON et al., Appellants, v THE GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Respondent. [767 NYS2d 599]—

Order, Supreme Court, New York County (Charles Ramos, J.), entered April 25, 2003, which, inter alia, denied class certification to plaintiff policyholders in this action alleging deceptive sales techniques, unanimously affirmed, without costs.

Plaintiffs failed to demonstrate questions of fact common to the class which predominate over questions affecting only individual members (CPLR 901 [a] [2]; *Canavan v Chase Manhattan Bank*, 234 AD2d 493, 494 [1996]). "Deceptive acts or practices" (General Business Law § 349) implies more than simply an invented scheme or marketing strategy, but rather an actual misrepresentation or omission to the consumer (*Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 325 [2002]). Any oral communications that may have induced members of the putative class to purchase the policies, as well as the varied use of illustrations concerning the "vanishing premium" concept and the extent to which a purchaser might have been influenced by such illustrations, would require individualized proof in the case of each class member, which would in turn raise questions that would overwhelm any issues common to the class (*Carnegie v H&R Block*, 269 AD2d 145, 147 [2000], *lv dismissed* 95 NY2d 844 [2000]; *see also Russo v Massachusetts Mut. Life Ins. Co.*, 192 Misc 2d 349 [2002] [in which the court denied class certification in a "vanishing premium" case]). Concur—Nardelli, J.P., Rosenberger, Lerner and Friedman, JJ.