■ SARA M. DEFILIPPO et al., on Behalf of Themselves and Others Similarly Situated, Respondents, v THE MUTUAL LIFE INSURANCE COMPANY OF NEW YORK et al., Appellants. [787 NYS2d 11]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered May 12, 2003, which denied defendants' motion to decertify the plaintiff class and held the decertification issue in abeyance pending appeals by plaintiffs in related cases and a hearing on the decertification question, unanimously reversed, on the law, without costs, the motion granted, and the class decertified.

This is the latest in a series of appeals arising out of litigation over the "vanishing premium" life insurance policies sold by defendants to plaintiffs. The facts underlying plaintiffs' claims

are set out in detail in the Court of Appeals' decision in *Gaidon v Guardian Life Ins. Co.* (94 NY2d 330, 340-342 [1999]). Essentially, plaintiffs allege that they purchased their insurance policies based on defendants' false representations that out-of-pocket premium payments would vanish within a stated period of time, and that these representations were false because they were based on unrealistic dividend projections.

Review of the procedural history of this case is necessary to determine the class certification question before us. Plaintiffs commenced the instant action in 1995, titled *Goshen v Mutual Life Ins. Co.* (NY County Index No. 600466), alleging causes of action for breach of contract, fraud, fraudulent inducement, negligent misrepresentation, negligent supervision, breach of fiduciary duty, violations of Insurance Law §§ 2123 and 4226 and violation of General Business Law § 349.

In an order entered August 21, 1996, as amended, the trial court granted plaintiffs' motion for class certification, defining the class as policy holders who "were harmed due to Defendants' alleged wrongful conduct with respect to the sale of Policies on an alleged 'vanishing premium' basis." Significantly, although defendants conceded that the "top-down" allegations of a nationwide fraudulent marketing scheme might properly be the subject of class-wide treatment, they reserved the right to challenge class treatment of any claims in which the "point-of-sale" conduct of individual sales agents was implicated.

Subsequently, in an order entered March 18, 1999, Supreme Court granted defendants' motion for summary judgment and dismissed the complaint. This Court affirmed the dismissal of the complaint (*Goshen v Mutual Life Ins. Co. of N.Y.*, 259 AD2d 360 [1999]), but the Court of Appeals modified to reinstate the General Business Law § 349 claim (*Gaidon v Guardian Life Ins. Co.*, 94 NY2d 330 [1999]).[1] The issue of class certification was not before either appellate court.

Thereafter, defendants moved to decertify the class, arguing that certain language in the Court of Appeals' *Gaidon* decision had transformed the instant case from a "top-down" case to a "point-of-sale" case. Defendants asserted that this transformation undermined the basis for class certification since individual issues would predominate over common issues in a point-of-sale case. Supreme Court denied the motion, finding that *Gaidon* did not shift the focus away from a "top-down" theory of plaintiffs' case.

---

1. The *Goshen* and *Gaidon* cases were consolidated in the Court of Appeals.

Defendants did not appeal the denial of decertification, but the individual plaintiff Goshen appealed the dismissal of his claim, which is not at issue here. This Court affirmed the dismissal of Goshen's claim (*Goshen v Mutual Life Ins. Co. of N.Y.*, 286 AD2d 229 [2001]), and the Court of Appeals affirmed (98 NY2d 314 [2002]). In that decision, the Court of Appeals made the following statement with respect to the gravamen of the General Business Law § 349 claim which underlies defendants' present decertification motion: "[t]he phrase 'deceptive acts or practices' under the statute is not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer" (*id.* at 325). Defendants argue that the above-quoted language from *Goshen* makes it clear that any trial of plaintiffs' General Business Law § 349 claim will necessarily entail inquiries into each plaintiff's personal interactions with defendants' sales agents, and that, consequently, individual issues will overwhelm any issues common among class members (*see* CPLR 901 [a] [2]).

In the order appealed from, the motion court acknowledged that the above-quoted language from the *Goshen* decision made it likely that plaintiffs' case would "require[ ] an inquiry into the specific circumstances surrounding that consumer's interactions with [defendant's] representatives." Nevertheless, the court concluded that a "more narrowly defined class, whose common issues predominate over individual inquiries, may be appropriate." Accordingly, the court held the decertification issue in abeyance "pending appeals by plaintiffs in related cases and a hearing on whether the present class, or a modified one, can satisfy the requirements of CPLR § 901 and the 'point-of-sale' issue raised by *Goshen*."[2] We reverse.

Supreme Court erred in holding defendants' decertification motion in abeyance. The Court of Appeals' definitive statement in *Goshen* (98 NY2d at 325), that deceptive acts or practices under General Business Law § 349 "[are] not the mere invention of a scheme or marketing strategy, but the actual misrepresentation or omission to a consumer," eliminated any doubt that the prosecution of plaintiffs' General Business Law § 349 claim would require individualized inquiries into the conduct of defendants' sales agents with respect to each individual purchaser. Given the necessity of this individualized proof, the motion court should have granted defendants' second decertification motion on the ground that common questions of law or

---

**2.** The related cases are *Gaidon v Guardian Life Ins. Co.* (2 AD3d 130 [2003]) and *Russo v Massachusetts Mut. Life Ins. Co.* (192 Misc 2d 349 [Sup Ct, Tompkins County 2002]).

fact would no longer predominate over questions affecting only individual members (*see* CPLR 901 [a] [2]; *see also Solomon v Bell Atl. Corp.*, 9 AD3d 49, 53-54 [2004]; *Carnegie v H&R Block, Inc.*, 269 AD2d 145, 147 [2000], *lv dismissed* 95 NY2d 844 [2000]).

This Court's recent holding in *Gaidon v Guardian Life Ins. Co.* (2 AD3d 130 [2003]), a case factually "indistinguishable" from the instant one (*Goshen v Mutual Life Ins. Co.*, 259 AD2d 360 [1999]), further mandates this conclusion. In December 2003, over six months after the motion court's decision denying decertification in this case, we held in *Gaidon* (2 AD3d at 130) that the trial court had properly denied the plaintiffs' motion for class certification in that case because the above-quoted *Goshen* language made it clear that the General Business Law § 349 claim "would require individualized proof in the case of each class member, which would in turn raise questions that would overwhelm any issues common to the class" (citations omitted). Thus, the Court of Appeals' holding in *Goshen* and our recent holding in *Gaidon* compel the conclusion that decertification should be granted here.

Plaintiffs' remaining arguments against decertification are unavailing. Contrary to plaintiffs' argument, defendants' second decertification motion was justified by an intervening change in the law, namely, the Court of Appeals' *Goshen* decision (*see Rosenbaum v City of New York*, 5 AD3d 154 [2004]). Not until *Goshen* was it made clear that a point-of-sale inquiry was an essential element of a General Business Law § 349 claim in these vanishing premium cases. Nor may plaintiffs rely on an estoppel theory to bar defendants' second decertification motion where defendants, from the outset, expressly reserved their right to challenge class certification with respect to a point-of-sale theory.

Plaintiffs' arguments concerning the impropriety or inequity of decertifying the General Business Law § 349 claim, without decertifying the previously dismissed claims, are meritless. With the exception of the Insurance Law § 4226 claim, plaintiffs' other claims were dismissed on the merits prior to the instant decertification motion, and said dismissal had nothing to do with those claims' class status. Accordingly, those claims have been eliminated from the case and are irrelevant to the disposition of the instant motion.[3]

Similarly, CPLR 902, which permits an order certifying a class

---

3. Although the Insurance Law § 4226 claim in this case (*Goshen/ DeFilippo*) was not dismissed on the merits, but rather because of its class status, the identical section 4226 claim was dismissed on the merits in the

to be "altered or amended before [a] decision on the merits," does not bar decertification of the sole surviving General Business Law § 349 claim, since there has been no decision on the merits as to that specific claim. Plaintiffs' suggestion that decertification must apply to all claims, even previously dismissed ones, runs counter to CPLR 906 (1), which provides that "an action may be brought or maintained as a class action with respect to particular issues." Concur—Mazzarelli, J.P., Sullivan, Friedman, Gonzalez and Catterson, JJ.

---

*Gaidon* case (*see Gaidon*, 255 AD2d at 102), and the Court of Appeals' affirmance of that portion of the final judgment in *Gaidon* (94 NY2d 330 [1999]) demonstrates that the section 4226 claim is deficient as a matter of law.