Elliot Brown, Respondent, v Bethlehem Terrace Associates et al., Appellants.

Third Department, March 24, 1988

### APPEARANCES OF COUNSEL

*Whiteman Osterman & Hanna (Scott N. Fein* and *Sue Rosenshein* of counsel), for appellants.

*Roland, Fogel, Koblenz & Carr (Emilio Petroccione* and *Usher Fogel* of counsel), for respondent.

### OPINION OF THE COURT

YESAWICH, JR., J.

Defendant Bethlehem Terrace Associates (hereinafter Bethlehem Terrace), a partnership in which defendants Frank Vecchiotti and Vincent Vecchiotti are general partners, owns an apartment complex known as Bethlehem Terrace Apartments. Plaintiff is the ultimate assignee of an offer to purchase the complex for $6.6 million, entered into September 11, 1984 and recorded in the Albany County Clerk's office on October 19, 1984. The offer to purchase provided that the parties were to execute a standard purchase and sale agreement based on the same terms on or before October 5, 1984; no such agreement has been executed. Plaintiff avers in his complaint that on October 8, 1984, a date agreed upon by the parties to execute a more formal purchase and sale agreement, defendants' counsel apprised plaintiff of a tax problem had by one of Bethlehem Terrace's general partners which would be generated by the proposed sale. In an effort to cooperate with the sellers in their attempt to resolve that problem, plaintiff concurred in adjourning the matter until December 3, 1984. At that time plaintiff rescinded the September 11, 1984 agreement, purportedly in reliance upon defense

counsel's representation that only if plaintiff did so would defendants continue good-faith negotiations directed at executing a purchase and sale agreement based on the terms of the September 11, 1984 agreement. Defendants maintain that the September 11, 1984 agreement expired by its own terms well before it was rescinded.

When it became apparent that defendants had no intention of selling on the previously agreed terms, plaintiff commenced the instant action for specific performance of the offer to purchase and filed a lis pendens affecting the apartment complex. In their verified answer, defendants asserted three counterclaims, all revolving around the damage ostensibly caused them by the filing of the lis pendens and the suit plaintiff had initiated against them, namely, difficulty renegotiating a mortgage, the inability to sell the subject property and counsel fees. After serving a reply, plaintiff moved to dismiss the counterclaims for failure to state a cause of action (CPLR 3211 [a] [7]). Supreme Court granted plaintiff's motion in its entirety. We affirm.

On appeal defendants have abandoned all but three theories of liability: slander of title, abuse of process and interference with prospective advantage. At issue is whether the facts as alleged by defendants satisfy the elements of those or any other causes of action (see, Guggenheimer v Ginzburg, 43 NY2d 268, 275).

■ In their first counterclaim defendants allege that plaintiff's filing of the lis pendens in bad faith, together with perceived libelous and slanderous allegations in the complaint charging defendants with misrepresentation and fraudulent conduct, constitute slander of title per se. The elements of slander of title are (1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages (Carnival Co. v Metro-Goldwyn-Mayer, 23 AD2d 75, 77). Because plaintiff's allegations contained in the complaint are absolutely privileged (see, Vevaina v Paccione, 125 AD2d 392, 393, lv denied 69 NY2d 607), the viability of this cause of action necessarily rests on the filing of the lis pendens. The lis pendens, however, is an undeniably true statement for it merely declares that: "an action has been commenced and is now pending in this court upon the complaint of the above-named plaintiff against the above-named defendants for the purpose of obtaining a judgment of specific performance, directing the defendants to convey certain real property * * *

to the plaintiff." Thus, the first element of the theory of liability is not satisfied. It is the underlying action for specific performance that casts doubt on defendants' title, but the remedy for such an action brought in bad faith is a suit for malicious prosecution, which in this instance is not yet ripe because the *sine qua non*, a favorable termination of a prior prosecution, is lacking *(see, Munoz v City of New York*, 18 NY2d 6, 10).

Similarly, the facts recited in defendants' second counterclaim do not make out a cause of action for abuse of process, the elements of which are (1) the perverted use of (2) regularly issued process, (3) with the intent of causing harm without justification *(Curiano v Suozzi*, 63 NY2d 113, 116), (4) that results in special damages *(Board of Educ. v Farmingdale Classroom Teachers Assn.*, 38 NY2d 397, 405). The gravamen of defendants' cause of action is contained in the following language: "Plaintiff has commenced this action without probable cause therefor, without expectation of ultimate success, for the improper purpose of preventing the sale of the premises to another person, and has alleged fraud in bad faith without setting forth specific facts constituting the alleged fraud." However, "institution of a civil action by summons and complaint is not legally considered process capable of being abused" *(Curiano v Suozzi, supra*, at 116), and even if it is assumed that the filing of a lis pendens can provide a basis for an abuse of process claim, the critical fact remains that defendants do not assert that the lis pendens was improperly used *after* its issuance, but only that plaintiff acted maliciously in bringing the action. Moreover, a malicious motive, without more, does not give rise to a cause of action for abuse of process *(supra*, at 117).

As for defendants' contention that a cause of action for intentional interference with prospective economic advantage has been stated, we note that an essential element of this tort is that the complaining party would have consummated a contract *but for* the interference of a third party *(see, Susskind v Ipco Hosp. Supply Corp.*, 49 AD2d 915); defendants' vague references to difficulty in securing a favorable mortgage do not satisfy this strict requirement that specific allegations be pleaded.

WEISS, J. P., LEVINE and HARVEY, JJ., concur.

Order affirmed, with costs.