(March 9, 2004)

■ HAROLD ROSENBAUM, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [773 NYS2d 872]—

Order, Supreme Court, Bronx County (Stanley Green, J.), entered on or about October 22, 2002, which denied the parties' respective motions for summary judgment as to plaintiff's second cause of action for slander of title, unanimously affirmed, without costs.

The intervention of a subsequent clarifying decision in this case (96 NY2d 468 [2001]) provides sufficient cause to entertain a second motion for summary judgment by defendants (*Varsity Tr. v Board of Educ.*, 300 AD2d 38, 39 [2002]). However, the first element of plaintiff's claim—"a communication falsely casting doubt on the validity of complainant's title" (*Brown v Bethlehem Terrace Assoc.*, 136 AD2d 222, 224 [1988])—has already been established by the Court of Appeals' ruling that the purported liens filed against the premises were invalid (96 NY2d at 474). Defendants' argument that a lien arose upon their advancement of funds to plaintiff's transferor has been rejected (96 NY2d at 473-474). As to the second element, the filing of the invalid liens after the parties entered into "an in rem installment agreement for the payment of $64,000 with respect to noticed liens for real estate taxes, water, sewer rent and emergency repairs" (272 AD2d 91, 96 [2000] [Rubin, J., dissenting]) that arguably " 'purported to settle all outstanding liens' " (*id.* at 99 [Rubin, J., dissenting]) raises a factual question as to whether the filing constitutes a communication "reasonably calculated to cause harm" (*Brown* at 224; *see also Iuliano v Romano*, 225 AD2d 493 [1996]). While the complaint did not adequately plead special damages (*see Drug Research Corp. v Curtis Publ. Co.*, 7 NY2d 435, 440-441 [1960]), the defect was

remedied in plaintiff's opposing affidavits, and the IAS court providently exercised its discretion in accepting a de facto amendment of the pleadings (CPLR 3025 [b]; *see Edenwald Contr. Co. v City of New York*, 60 NY2d 957, 959 [1983]). Plaintiff has offered evidence of a lost sale at a price of $525,000. However, defendants assert that the building was ultimately sold for a considerably greater sum, raising an issue of fact as to damages (*see Childers v Commerce Mtge. Invs.*, 63 Ohio App 3d 389, 393, 579 NE2d 219, 222 [1989]; *see also Bamira v Greenberg*, 295 AD2d 206, 207 [2002]; *Marcus v Bressler*, 277 AD2d 108, 110 [2000]). Although other expenses may have been incurred, such as operating expenses and real estate taxes, these are not documented in the record, leaving a factual question as to the special damages element of plaintiff's cause of action. Finally, plaintiff's restyling of his claim to include injurious falsehood is inconsequential since the elements of that cause of action are essentially identical to slander of title (*compare Tolisano v Texon*, 144 AD2d 267, 272 [1988] [Smith, J., dissenting], *revd on dissenting mem* 75 NY2d 732 [1989], *with Brown*, 136 AD2d at 224).

Reargument granted and upon reargument, the decision and order of this Court entered herein on November 13, 2003 (1 AD3d 148) is hereby recalled and vacated. Concur—Buckley, P.J., Mazzarelli, Andrias, Sullivan and Marlow, JJ.