(September 15, 2011)

■ KEVIN PLUDEMAN et al., Respondents, v NORTHERN LEASING SYSTEMS, INC., Appellant, et al., Defendants. [929 NYS2d 246]—

Plaintiffs are small business owners who, as lessees, entered into form leases for certain business equipment with defendant Northern Leasing Systems, Inc. (NLS), as lessor. Each plaintiff signed the form lease on page 1. Paragraph 9 ("Insurance") of the form lease, on page 3 thereof, provides in pertinent part: "If Lessee does not provide evidence of insurance [on the leased equipment], Lessee is deemed to have chosen to buy [a] Loss and Destruction waiver [from NLS] at the price in effect, price which Lessor reserves the right to change from time-to-time." Plaintiffs' cause of action for breach of contract is based on

NLS's charging them the aforementioned "Loss and Destruction waiver" (LDW) fee for the privilege of not purchasing insurance. Plaintiffs allege that, when they signed the form leases on page 1, they were unaware of the last three pages of the form. On that basis, plaintiffs contend that they are not bound by the LDW fee provision of paragraph 9 (again, on page 3) and that NLS's charging of the LDW fee (in the amount of $4.95) therefore constituted an overcharge and a breach of contract.

In the order appealed from, Supreme Court granted plaintiffs' motion for summary judgment as to liability on their cause of action for breach of contract. We reverse and deny the motion. On this record, questions of fact exist that preclude granting plaintiffs summary judgment on the breach of contract claim. Specifically, a factfinder must determine (1) whether plaintiffs received only the first page of the form lease or all four pages, and (2) whether, if plaintiffs received all four pages, they could reasonably have believed that all terms were contained on page 1. The latter question cannot be answered as a matter of law in plaintiffs' favor, given that page 1 of the form lease, which each plaintiff signed, states that it is "Page 1 of 4" and contains a reference, above the lessee's signature, to paragraph 11, which appears on page 3 of the form. Moreover, the record contains evidence that the form lease each plaintiff signed was printed on one sheet of paper, 11 inches wide by 17 inches long, folded in half to create a four-page booklet. We note that there is no legal requirement that a party's signature appear at the end of a written agreement (see UCC 1-201, Official Comment 39 [signature or other authentication of a written agreement "may be on any part of the document"]; cf. Riverside S. Planning Corp. v CRP/Extell Riverside, L.P., 60 AD3d 61, 67 [2008], affd 13 NY3d 398 [2009] ["there is no legal requirement that contractual provisions fixing the term of a contract must appear at the end of . . . the document"]). Finally, that the form lease did not specify the amount of the LDW fee did not render the lease or its provision for the LDW fee void (see UCC 2-A-204 [3] ["Although one or more terms are left open, a lease contract does not fail for indefiniteness if the parties have intended to make a lease contract and there is a reasonably certain basis for giving an appropriate remedy"]). Thus, if the LDW fee provision is found to be part of the agreement, NLS is entitled to set the fee, provided the fee is reasonable. Concur—Gonzalez, P.J., Friedman, Catterson, Renwick and Abdus-Salaam, JJ. **[Prior Case History: 27 Misc 3d 1203(A), 2010 NY Slip Op 50530(U).]**