■ KEVIN PLUDEMAN et al., Appellants-Respondents, v NORTHERN LEASING SYSTEMS, INC., et al., Respondents-Appellants. [966 NYS2d 383]—

Order, Supreme Court, New York County (Martin Shulman, J.), entered on or about July 18, 2012, which granted defendants' motion to decertify the class, denied plaintiffs' cross motion for partial summary judgment with respect to the liability of defendant Northern Leasing Systems, Inc. (Northern Leasing) for breach of contract, and denied defendants' order to show cause to prevent plaintiffs from making a second summary judgment motion, unanimously modified, on the law, to the extent of denying defendants' motion to decertify the class, and otherwise affirmed, without costs.

In this class action for, among other things, breach of contract, plaintiffs are small business owners who leased various types of "point of sale" credit card terminals from Northern Leasing. Plaintiffs allege that, without authorization, Northern Leasing charged them each $4.95 per month as a "fee" for waiving its requirement that the lessees insure the equipment against loss or damage and provide Northern Leasing with proof of insurance (the LDW fee).

The main factual dispute for the breach of contract claims is whether the lease provisions are set forth in a single page or whether the terms found on three additional pages are also clearly part of the agreement. The printed form leases that each named plaintiff signed vary slightly, but they share the following characteristics: each lease is printed on one sheet of paper, 11 inches wide by 17 inches long that is folded in half to create a booklet of four pages, each 8½ by 11 inches long. The form's front page provides spaces for handwritten information about, among other things, the business's owner, address, telephone number, and bank account, the equipment being leased, and the lease payment schedule. The page also contains printed terms and signature lines under which the owner accepts the lease and personally guarantees the lease obligations, a signature line for Northern Leasing, and a printed merger clause stating that lease terms represent the final expression of the parties' agreement. The phrase "Page 1 of 4" is printed in small typeface at the bottom, left-hand corner of the page, and a printed term refers to "paragraph 11 hereof," which is not on the first page.

The second, third, and fourth pages do not contain any place for handwritten information and are entirely printed except for the handwritten signature line of the vendor who sold the equipment to Northern Leasing. The third page contains the paragraph 11 that is referenced on the first page, and a paragraph entitled "I[nsurance]" which, according to Northern Leasing, authorizes the LDW fee.

In 2004, the four named plaintiffs commenced this lawsuit on behalf of themselves and approximately 300,000 small business merchants who had entered into leases with Northern Leasing. The relevant procedural history of this action is that in April 2009, the motion court granted plaintiffs' renewed motion for an order which, among other things, certified a class defined as all lessees and guarantors under the form lease who had paid LDW fees between certain dates (*Pludeman v Northern Leasing Sys., Inc.*, 24 Misc 3d 1206[A], 2009 NY Slip Op 51290[U] [Sup Ct, NY County 2009]). In June 2010, this Court unanimously modified the certification order by expanding the class, and rejected Northern Leasing's claim that certification was inappropriate because individual issues among the class members predominated over common issues (*Pludeman v Northern Leasing Sys., Inc.*, 74 AD3d 420, 420-423 [1st Dept 2010]). Specifically, we found that the commonality requirement under CPLR 901 (a) (2) was satisfied because Northern Leasing's liability for breach of contract "could turn on a single issue" that does not require individualized proof, namely, "whether it is possible to

construe the first page of the lease as a complete contract because of the merger clause, signature lines, and the space for the detailing of fees" (*id.* at 424).

While the appeal from the class certification order was pending, the motion court granted plaintiffs' motion for partial summary judgment as to Northern Leasing's liability for breach of contract (*Pludeman v Northern Leasing Sys., Inc.*, 27 Misc 3d 1203[A], 2010 NY Slip Op 50530[U] [Sup Ct, NY County 2010]). Without the guidance provided in our June 2010 order, the motion court granted plaintiffs' motion based on page 1's lack of any reference to the LDW fee or the "Insurance" provision (*id.* at *5). The court rejected Northern Leasing's argument that page 1's reference to paragraph 11, which is located on page 3, and the indication on the first page that it was "Page 1 of 4," at the minimum create ambiguity as to whether pages 2, 3, and 4 are incorporated into the lease (*id.*).

In September 2011, this Court reversed the grant of partial summary judgment, holding that the record raised issues of fact (*Pludeman v Northern Leasing Sys., Inc.*, 87 AD3d 881 [1st Dept 2011]). We specified that before granting summary judgment "a factfinder must determine (1) whether plaintiffs received only the first page of the form lease or all four pages, and (2) whether, if plaintiffs received all four pages, they could reasonably have believed that all terms were contained on page 1" (*id.* at 882).

Based on our September 2011 decision, defendants moved to decertify the class, arguing, among other things, that the questions of fact we had identified required individualized proof for determination, and therefore the commonality and typicality prerequisites for class certification (CPLR 901 [a] [2], [3]) could not be satisfied.

Plaintiffs opposed and by cross motion again sought partial summary judgment with respect to Northern Leasing's liability for breach of contract. Instead of claiming that the LDW fee was unauthorized because the "Insurance" provisions are not part of the leases, plaintiffs argued that the LDW program was a sham, that Northern Leasing lacked a good-faith basis for setting the charge at $4.95 per month, and that the amount was unreasonable. After plaintiffs cross-moved, Northern Leasing moved to deny the cross motion because there was no new evidence justifying a second summary judgment motion.

In July 2012, the motion court granted defendants' motion to decertify the class and denied both plaintiffs' and defendants' cross motions. With respect to the decertification motion, the court noted our statement, in modifying the class certification

order, that liability "could turn on . . . whether it is possible to construe the first page of the lease as a complete contract" and that the issue could be determined "solely upon examination of the first page of the lease" (*Pludeman*, 74 AD3d at 424). However, the court thought that our September 2011 decision required individualized fact-finding and thus common issues no longer predominated.

The motion court misconstrued the September 2011 decision, which did not decertify the class. In the June 2010 decision, we affirmed that class certification was appropriate and identified the common issue that we thought predominated over individual issues, namely, whether plaintiffs were justified in assuming that the key contract terms were contained on the first page (74 AD3d at 424). By stating that this common issue "does not require individualized proof, and is capable of being determined solely upon examination of the first page," we did not mean to suggest that the issue did not require fact-finding and could be determined by summary judgment (*id.*).

Our September 2011 order, which elaborated upon the issues to be determined, did not require decertification and did not alter our prior ruling. Had we determined that decertification was appropriate, we could have ordered it on our own motion (*see* CPLR 902; *Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52-53 [1999]; *CLC/CFI Liquidating Trust v Bloomingdale's, Inc.*, 50 AD3d 446, 447 [1st Dept 2008]). We merely held that summary judgment was precluded because the record presented two issues of fact that are common to the class (*Pludeman*, 87 AD3d at 882). The first issue, whether plaintiffs received or saw only the first page of the form lease or all four pages, arose because the named plaintiffs each submitted affidavits stating that he or she signed what they understood to be a one-page form lease, but defendants claimed that all the form leases were composed of single sheets that were folded into four-page booklets (*id.*). If it were determined that plaintiffs received four-page booklets, then the factfinder would need to resolve the second common issue, namely, whether a reasonable person in the position of a plaintiff would have believed that the first page comprised the entire lease or that no significant terms were contained on the other pages (*see Cutter v Peterson*, 203 AD2d 812, 814 [3d Dept 1994], *lv denied* 84 NY2d 806 [1994]; 2 Richard A. Lord, Williston on Contracts § 6:57 at 686 [4th ed 1990]). We specified that the second issue could not be resolved as a matter of law (*Pludeman*, 87 AD3d at 882).

Accordingly, the matter is remanded for a hearing at which evidence will be presented to the factfinder to determine

whether a reasonable person would have believed that page 3 of the lease contained the additional charges and whether the fees were reasonable.

Turning to the remaining portions of the order on appeal, the motion court properly denied defendants' objection to plaintiffs' second motion for partial summary judgment on liability. Plaintiffs were entitled to make another summary judgment motion claiming that Northern Leasing lacked a good faith basis for charging $4.95 per month as an LDW fee and the amount was unreasonable, because these allegations were based on new evidence (*see Varsity Tr. v Board of Educ. of City of N.Y.*, 300 AD2d 38, 39 [1st Dept 2002]). In addition, our previous decision (*Pludeman*, 87 AD3d 881) constituted an intervening clarifying decision (*see Rosenbaum v City of New York*, 5 AD3d 154 [1st Dept 2004]) with respect to the reasonableness of the LDW fee.

To the extent plaintiffs moved for summary judgment on the grounds that Northern Leasing's LDW program was a sham, that Northern Leasing lacked a good faith basis for setting the amount of the LDW charge, and that the amount was unreasonable, they were moving on an unpleaded claim. Hence, the motion court properly denied the cross motion for partial summary judgment (*see Weinstock v Handler*, 254 AD2d 165, 166 [1st Dept 1998] ["the general rule is that a party may not obtain summary judgment on an unpleaded cause of action"]). Since this case has been pending for nine years, we decline to deem the pleading amended on appeal. Plaintiffs' motion to amend the complaint is not before us on this appeal (*see Pludeman v Northern Leasing Sys., Inc.*, 2013 NY Slip Op 30428[U] [Sup Ct, NY County 2013]). Concur—Andrias, J.P., Acosta, Freedman, Richter and Gische, JJ. **[Prior Case History: 2012 NY Slip Op 31899(U).]**