21-1332-bk
*In re Aurora Com. Corp.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand twenty-two.

PRESENT:
> JON O. NEWMAN,
> DENNY CHIN,
> RICHARD J. SULLIVAN,
> > *Circuit Judges.*

_____

IN RE: AURORA COMMERCIAL CORP., Debtor.

_____

JUDITH CZIN, ESTATE OF EUGENE CZIN, DECEASED, ALL DISTRIBUTEES OF THE ESTATE OF EUGENE CZIN, DECEASED,

> > *Appellants,*

> > v.                                                    No. 21-1332

AURORA COMMERCIAL CORP.,

> > *Debtor-Appellee.*

_____

FOR APPELLANTS:                                    JACOB GINSBURG, The Law Office
                                                   of Jacob Ginsburg, PLLC,
                                                   Monsey, NY.

FOR DEBTOR-APPELLEE:                               Kyle J. Ortiz, Patrick Marecki,
                                                   Eitan Blander, Togut, Segal &
                                                   Segal LLP, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (John G. Koeltl, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Judith Czin, the estate of her deceased husband Eugene Czin, and the estate's distributees (collectively, "Appellants") appeal from the district court's order affirming the disallowance and expunging of their claims in the bankruptcy proceeding of Aurora Commercial Corporation ("Aurora"). Their claims arose out of a $650,000 loan they received from First Magnus Financial Corporation ("First Magnus") in 2006, pursuant to a note and mortgage on their property in Brooklyn, New York. Aurora Loan Services LLC ("ALS"), a wholly owned subsidiary of Aurora, began to service the loan in 2007. Appellants defaulted on the loan in or about March 2009, at which time First Magnus assigned its beneficial

interest in the loan to ALS, which commenced a foreclosure action in New York state court on March 24, 2009.

In 2012, while the foreclosure action was still pending, Aurora and ALS entered into an asset-purchase agreement by which they sold all rights to and interest in Appellants' mortgage, note, and property to Nationstar Mortgage LLC ("Nationstar"). Aurora and ALS also executed a limited power of attorney that gave Nationstar authority "as may be necessary or desirable to effectuate" various transactions regarding the mortgage, including completing the pending foreclosure. J. App'x at 699. Using this limited power of attorney, Nationstar assigned the mortgage to itself on April 4, 2014, and this assignment was recorded by the New York City Department of Finance. Nationstar then moved for summary judgment in Aurora's name in the foreclosure action, but the New York state court denied the motion on May 17, 2016, explaining that confusion about why Aurora was still the proper plaintiff despite the assignment of the mortgage to Nationstar led it to deny the motion with leave to renew. Once more acting in Aurora's name, Nationstar filed a notice of pendency in November 2018, giving notice of the pending foreclosure action against Appellants.

Aurora filed a Chapter 11 petition in federal bankruptcy court on March 24,

2019. Appellants submitted six claims against Aurora within that bankruptcy proceeding, seeking a declaration that the note and mortgage were void in addition to damages on the basis that the notice of pendency was improper and slandered Appellants' title. The bankruptcy court disallowed and expunged the claims, finding that Aurora no longer had any interest in the mortgage, the note, or Appellants' property, and that even if Nationstar's filing of the notice of pendency could be imputed to Aurora, that filing would not give rise to a slander-of-title claim under New York law because it was true that Appellants' property was subject to a pending foreclosure action. The district court affirmed the bankruptcy court's judgment, and Appellants now appeal, challenging the bankruptcy court's (1) finding that Aurora no longer had any interest in Appellants' mortgage or property, (2) determination that Appellants had not stated a claim for slander of title, and (3) decision to disallow these claims in the context of a contested matter, rather than an adversary proceeding.

We review the district court's order de novo, as if we were reviewing the bankruptcy court's judgment directly. *See In re Jackson*, 593 F.3d 171, 176 (2d Cir. 2010) ("[A]n order of the district court functioning in its capacity as an appellate court in a bankruptcy case is subject to plenary review . . . ."). In so doing, we

4

"accept[] the bankruptcy court's factual findings unless they are clearly erroneous[] and review[] its conclusions of law *de novo*." *Id.* Finding neither clear error with respect to matters of fact nor any incorrect application of law, we affirm for substantially the reasons stated by the district court's April 26, 2021 opinion.

The bankruptcy court did not commit error in ruling that Aurora had no interest in the mortgage on Appellants' property in light of the 2012 asset purchase agreement and the subsequent 2014 assignment of any remaining interest in the mortgage to Nationstar. None of Appellants' arguments to the contrary is persuasive.

Appellants' primary argument is that, under 11 U.S.C. § 541(a), the property of Aurora's bankruptcy estate includes "all legal or equitable interests of the debtor in property," including a loan-servicing interest in which the debtor retains "only legal title and not an equitable interest," *id.* § 541(d). Appellants concede, however, that they now rely on many new documents and arguments that they did not raise below, which forfeits these arguments for purposes of our review. *See In re Nortel Networks Corp. Secs. Litig.*, 539 F.3d 129, 132–33 (2d Cir. 2008) (explaining that an appellate court will not consider arguments raised for the first

time on appeal and that it is not sufficient to have made an argument merely "resembling the one" offered now). Appellants argue that because Mrs. Czin is an "elderly widow," Appellants' Reply Br. at 15, it would be unfair to subject her to traditional rules of argument preservation, but Mrs. Czin was represented by counsel below, and we are aware of no authority suggesting that forfeiture can be excused under these circumstances.[1]

Appellants argue at various points in their brief that the New York state court decision declining to grant summary judgment in Aurora's foreclosure action means that Aurora had a continuing interest in their mortgage, note, and property. This, too, is unavailing. True, the state court did not grant summary judgment to Aurora on the foreclosure claim, but if anything, its reasoning for declining to grant summary judgment supports *Aurora*, not Appellants. The state court explained that "the mortgage was assigned from [Aurora] to Nationstar Mortgage LLC on or about April 4, 2014," and that it would therefore "appear that [] [Aurora] has no further interest in this debt and presumably no longer holds the

---

[1] Appellants additionally argue that their forfeiture should be excused because the bankruptcy court threatened sanctions if they proceeded with arguments regarding Aurora's continued interest in Appellants' mortgage, note, and property. But even if this were a basis for excusing forfeiture, it certainly does not excuse Appellants' failure to cite these new documents and raise these arguments even in the district court.

note and mortgage." J. App'x at 120. Furthermore, pursuant to its limited power of attorney, Nationstar had moved in Aurora's name for summary judgment, and the state court remarked on the fact that the motion "should be supported by one with personal knowledge concerning the entity who now holds the note and mortgage," i.e., Nationstar and not Aurora. *Id.* The bankruptcy court surely did not err in using the state court's decision as one among several facts suggesting that Aurora no longer had any interest in Appellants' note, mortgage, or property.

Nor did the bankruptcy court err in dismissing Appellants' slander-of-title claim. Under New York law, "[t]he elements of slander of title are (1) a communication falsely casting doubt on the validity of complainant's title, (2) reasonably calculated to cause harm, and (3) resulting in special damages." *Brown v. Bethlehem Terrace Assocs.*, 525 N.Y.S.2d 978, 979 (3d Dep't 1988). Even if Appellants are correct that Nationstar's filing of the notice of pendency can be attributed to Aurora, there was nothing improper about the notice of pendency: it truthfully disclosed that there was a pending foreclosure proceeding involving Appellants' property. *See id.* at 979–80. Although Appellants contend that the state trial court "dismissed" the foreclosure proceeding involving their property

7

such that it was no longer pending, Appellants' Opening Br. at 31, this is simply untrue. Denying summary judgment has precisely the opposite effect of dismissing a case; such a decision *continues* the case. Appellants are also incorrect that the notice of pendency was void *ab initio* because a prior lis pendens had expired when the notice of pendency was filed. Although successive notices of pendency are ordinarily disfavored, they "may be filed for purposes of prosecuting to final judgment a foreclosure action." *Slutsky v. Blooming Grove Inn, Inc.*, 542 N.Y.S.2d 721, 723 (2d Dep't 1989).

Finally, Appellants argue that the bankruptcy court should have utilized an adversary proceeding, rather than a contested matter, to resolve their claims. The appropriate type of proceeding depends on the claim brought. *See, e.g.*, Fed. R. Bankr. P. 7001 (listing various proceedings as "adversary proceedings[]"). Appellants, however, commenced and then voluntarily dismissed an adversary proceeding in the bankruptcy court. In other words, they could have brought claims in an adversary proceeding, but ultimately decided not to.

In sum, the bankruptcy court did not err in ruling that Aurora has no interest in Appellants' note, mortgage, or property, or in disallowing Appellants' claims against Aurora on that basis. Whether Appellants have any valid claims

8

against other parties – including Nationstar on the theory that the mortgage is now unenforceable "given the length of time which has passed," Appellants' Opening Br. at 26; *see also id.* at 42–43 – is a matter outside the scope of this appeal.

We have considered Appellants' remaining arguments and find them to be without merit.   Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court