■ Carolyn Banks et al., on Behalf of Themselves and Others Similarly Situated, Respondents, v Carroll & Graf Publishers, Inc., Appellant. [699 NYS2d 403] —Order, Supreme Court, New York County (Barry Cozier, J.), entered May 18, 1999, which, *inter alia*, granted plaintiffs' motion for class cer-

tification, unanimously reversed, on the law, the facts, and in the exercise of discretion, without costs, the motion denied, and the class decertified.

In this action, plaintiffs are authors who have had their books published by defendant, a small independent publisher. In general it is alleged that defendant engaged in a pattern of conduct in which it underpaid royalties, paid royalties in an untimely manner, and withheld royalties by setting reserves for the return of books in excess of standard publishing industry practice. After some discovery was conducted, plaintiffs moved to have the action certified as a class action. Supreme Court granted plaintiffs' motion. We reverse.

In order to demonstrate entitlement to proceed as a class action, plaintiffs were required to prove, *inter alia*, that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" (CPLR 901 [a] [2]). This they have failed to do.

We note that, on their face, plaintiffs' claims do appear to have a semblance of commonality since they are based on allegations that defendant engaged in a general pattern of fraudulent conduct with respect to its authors. However, close examination shows that, because each of the claims would require individualized proof concerning the various bases of liability and are subject to individualized defenses, commonality is lacking notwithstanding any pattern of conduct (*see, Mitchell v Barrios-Paoli*, 253 AD2d 281, 291).

For example, plaintiffs' claim that defendant held unreasonable reserves for returns is fact-specific for each book and each author since it would require examination of, among other things: the popularity of the particular author, the number of books to be printed and distributed, the type of book and its market, the amount of promotion and publicity supporting the sale of the book, and the book's past history of returns.

Regarding the alleged underpayment of royalties, this, like the reserve issue, would require individual review of the gross sales of each individual book, the number of books returned, and the royalty percentage under each contract. To the extent that the issue of the timeliness of royalty payments might be common to the class, i.e., that defendant had a pattern of paying all of its authors in a tardy manner, we cannot say that it predominates the issues to be litigated. Accordingly, we find that plaintiffs failed to meet their burden of establishing that class certification is appropriate (*see, Small v Lorillard Tobacco Co.*, 252 AD2d 1, 6, *affd* 94 NY2d 43). Concur—Tom, J. P., Andrias, Saxe and Friedman, JJ.