■ BELINDA G. McKINNON, Appellant, v INTERNATIONAL FIDELITY INSURANCE COMPANY et al., Respondents, et al., Defendant. [722 NYS2d 139] —Order, Supreme Court, New York County (Barry Cozier, J.), entered on or about June 7, 2000, which denied plaintiff's motion for class certification pursuant to CPLR 901 and 902, unanimously affirmed, without costs.

Plaintiff's motion for class certification in this action alleging that defendants engaged in a pattern of charging fees for bail bonds in excess of the statutory maximum, was properly denied in light of her failure to demonstrate, *inter alia*, that "there are questions of law or fact common to the class which predominate over any questions affecting only individual members" (CPLR 901 [a] [2]). The alleged wrongs were individual in nature or are subject to individual defenses (*see, Mitchell v Barrios-Paoli*, 253 AD2d 281, 291). Here, to determine whether the alleged overcharges occurred, the court will have to inquire into the specific nature and purpose of the fees charged in each instance. In addition, inquiry will need to be made as to what

each bail bondsman told each client the fees were for, whether the client actually received additional services for the fees other than simply obtaining the bail bond, and whether any oral misrepresentations were made or written contracts entered into concerning fees for additional services. Accordingly, since substantiation of the claims herein will require individualized proof concerning the various bases of liability and is subject to individualized defenses, the motion court properly denied class certification (*see, Banks v Carroll & Graf Publs.*, 267 AD2d 68). Concur—Rosenberger, J. P., Williams, Mazzarelli, Andrias and Rubin, JJ.