■ ZIPPORAH FEDER et al., Respondents, v STATEN ISLAND HOSPITAL et al., Appellants. [758 NYS2d 314] —Order, Supreme Court, New York County (Leland DeGrasse, J.), entered June 26, 2002, which, inter alia, granted plaintiffs' motion for class certification, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, the motion denied and the class decertified.

In this action, plaintiffs, who are patients and other "qualified persons" under Public Health Law § 18 (1) (g), seek damages and injunctive relief arising out of purported overcharges for copies of medical records that they sought. Plaintiffs contend that defendants, who are health providers and copy center businesses, violated Public Health Law § 18 (2) (e), which provides, in relevant part, that "[t]he provider may impose a reasonable charge for all inspections and copies, not exceeding the costs incurred by such provider * * *. However, the reasonable charge for paper copies shall not exceed seventy-five cents per page."

Plaintiffs allege that although defendants generally charged at or close to the statutory maximum of 75 cents per page for copying, they imposed additional "handling" fees in violation of the Public Health Law. Plaintiffs further contend that defendants charged well in excess of their costs incurred in copying records and that this provided them with a profit.

Plaintiffs subsequently moved, inter alia, for an order certifying this lawsuit as a class action pursuant to CPLR 901 and 902. The motion court, inter alia, granted class certification. Defendants now appeal from this order.

Although the motion court has discretion to determine the propriety of class certification, "[t]he Appellate Division, as a branch of Supreme Court, is vested with the same discretionary power and may exercise that power, even when there has been no abuse of discretion as a matter of law" by the motion court (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52-53 [1999]). In the instant matter, the motion court improvidently exercised its discretion in certifying class action status.

In determining whether to grant class certification, plaintiffs must satisfy five prerequisites under CPLR 901 (a) by competent evidence in admissible form (*see Small*, 94 NY2d at 53; *Hazelhurst v Brita Prods. Co.*, 295 AD2d 240 [2002]; *Ackerman v Price Waterhouse*, 252 AD2d 179 [1998]). Plaintiffs' conclusory statement that they, as well as thousands of others similarly situated, were overcharged for copies of their medical records is patently insufficient to demonstrate the predominance of common questions of law and fact to the class or that plaintiffs' claims are typical of the class (*see Hazelhurst v Brita Prods. Co., supra*; *McKinnon v International Fid. Ins. Co.*, 281 AD2d 283 [2001]). Similarly, the mere fact that the defendants process thousands of requests for medical records every year is speculative, and thus, insufficient to establish that the class is so numerous that joinder of all members is impracticable.

In light of the foregoing, plaintiffs cannot fulfill all the prerequisites for a class action defined in CPLR 901 (a), and thus, the class of plaintiffs created by the motion court should be decertified. Concur—Nardelli, J.P., Mazzarelli, Sullivan and Lerner, JJ.