JACK L. FREEMAN et al., Individually and on Behalf of all Those Similarly Situated, Respondents, v GREAT LAKES ENERGY PARTNERS, L.L.C., et al., Appellants. [785 NYS2d 640]—

Appeals from an order of the Supreme Court, Chautauqua County (Joseph Gerace, J.), entered December 29, 2003. The order granted plaintiffs' motion for class certification.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Supreme Court properly granted plaintiffs' motion for class certification pursuant to CPLR article 9. Plaintiffs are landowners with interests in oil and gas leases either presently or formerly held by defendants, and it is undisputed that plaintiffs are entitled to royalties based on a percentage of the revenues arising from the natural gas sold from their property. They allege that defendants artificially manipulated the price upon which their royalties were calculated, and they seek, inter alia, compensatory and punitive damages based thereon.

We conclude that plaintiffs met their burden of establishing the prerequisites of CPLR 901 (a) and thus established their entitlement to class certification (*see generally Casey v Prudential Sec.*, 268 AD2d 833, 834 [2000]). Plaintiffs submitted evidence that they are 3 of approximately 1,500 landowners who are similarly situated, thereby establishing that "the class is so numerous that joinder of all members . . . is impracticable" (901 [a] [1]). With respect to the commonality requirement set forth in CPLR 901 (a) (2), plaintiffs established that this action involves the adjudication of similar, but not necessarily identical, claims for which uniformity of decision is important; indeed, "the [commonality] rule requires predominance, not identity or unanimity, among class members" (*Friar v Vanguard Holding Corp.*, 78 AD2d 83, 98 [1980]). The common questions of law and fact concern defendants' common course of conduct with respect to plaintiffs, including whether certain deductions taken by defendants in calculating the royalties were improper and whether defendants artificially manipulated the royalty calculations as a result of self-dealing transactions. Plaintiffs also met the typicality requirement of CPLR 901 (a) (3) by establishing that the claims of the representative parties arise "out of the same course of conduct and are based on the same theories as the other class members" (*Ackerman v Price Waterhouse*, 252 AD2d 179, 201 [1998]; *see Friar*, 78 AD2d at 99). We further conclude that plaintiffs established that they are adequate representatives of the class pursuant to CPLR 901 (a) (4) (*see Ackerman*, 252 AD2d at 202) and that a class action is the superior method for adjudicating this controversy (*see* CPLR 901 [a] [5]). Finally, we conclude that the court properly considered the factors set forth in CPLR 902 in granting plaintiffs' motion for class certification. Present—Pigott, Jr., P.J., Green, Kehoe, Gorski and Hayes, JJ.