■ CLC/CFI Liquidating Trust et al., Appellants, v Bloomingdale's, Inc., a Division of Federated Department Stores, Inc., et al., Respondents. [855 NYS2d 497]—

Orders, Supreme Court, New York County (Bernard J. Fried, J.), entered September 12 and November 14, 2007, which respectively denied plaintiffs' motions for class certification and, to the extent appealed from, to renew, unanimously affirmed, with costs.

Plaintiffs allege that during the putative class action period, defendant department stores affiliated with Federated (now Macy's) improperly imposed chargebacks on vendors for merchandise that did not comply with "floor-ready" requirements without giving the reasonable notice required by UCC 2-607, and took certain cash discounts.

Whether a particular lawsuit qualifies as a class action ordinarily rests within the sound discretion of the trial court, although the Appellate Division can exercise the same authority even absent an abuse of discretion (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52-53 [1999]). However, the party seeking class certification still bears the initial burden of establishing the criteria prescribed in CPLR 901 (a) (*Rabouin v Metropolitan Life Ins. Co.*, 25 AD3d 349 [2006]). The motion court was warranted in determining that notwithstanding defendants' use of uniform contract forms and procedures, the claims asserted in the complaint involve a preponderance of individualized factual questions that render this case unsuitable for class treatment (CPLR 901 [a] [2]; *see Shovak v Long Is. Commercial Bank*, 35 AD3d 837 [2006]; *Solomon v Bell Atl. Corp.*, 9 AD3d 49 [2004]). In light of the number of individual inquiries required as to each vendor and transaction, plaintiffs failed to demonstrate that a class action would be a superior method of resolving these issues.

The court appropriately denied plaintiffs' motion to renew based on its determination that new case law concerning the adequacy of assignees to act as class representatives would not have required a different result. Concur—Gonzalez, J.P., Williams, Catterson and Moskowitz, JJ. [*See* 17 Misc 3d 1118(A), 2007 NY Slip Op 52062(U).]