■ EUGENIA J. FIALA et al., Respondents-Appellants, v MET-
ROPOLITAN LIFE INSURANCE COMPANY et al., Appellants-
Respondents. [859 NYS2d 426]—

Order, Supreme Court, New York County (Herman Cahn, J.),
entered January 31, 2007, which, in an action arising out of the
demutualization of defendant life insurance company, granted
plaintiffs' motion for class action certification as to their claims
under Insurance Law § 7312 and denied certification as to their
claims for common-law fraud, unanimously modified, on the
facts, to remove plaintiff Mark Smilow as a class representative,
and otherwise affirmed, without costs.

The named plaintiffs clearly possess an "adequate under-
standing of the case" (*Rollin v Frankel & Co.*, 290 AD2d 368,
369 [2002]), and their attorneys clearly possess the requisite
"competence, experience and vigor" (*Pruitt v Rockefeller Ctr.
Props.*, 167 AD2d 14, 24 [1991]). However, the presumed reli-
ance of class representatives on their attorneys' expertise, and
the avoidance of an appearance of impropriety, require that
plaintiff Mark Smilow, an associate at plaintiffs' co-lead counsel,
be removed as a class representative, even though he has
personally retained other counsel (*see Meachum v Outdoor
World Corp.*, 171 Misc 2d 354, 371-372 [1996]). Certification of
the common-law fraud claims was properly denied because class
actions sounding in fraud require proof of reliance by each class
member and a host of factors could have influenced a class
member's individual decision to accept or reject the demutualiza-
tion plan (*see Hazelhurst v Brita Prods. Co.*, 295 AD2d 240, 241-
242 [2002]; *Katz v NVF Co.*, 100 AD2d 470, 473 [1984]). We
have considered the parties' other arguments for affirmative
relief and find them unavailing. Concur—Tom, J.P., Friedman,
Renwick and DeGrasse, JJ.