Order, Supreme Court, New York County (Judith J. Gische, J.), entered April 13, 2012, which, upon renewal, granted plaintiffs motion for class certification and related relief, unanimously affirmed, without costs. Appeal from order, same court and Justice, entered November 10, 2011, which denied plaintiffs motion for class certification, without prejudice to renew upon submission of an affidavit by plaintiff demonstrating that she is a proper class representative, unanimously dismissed, without costs, as academic.
CPLR 901 (b), which prohibits a class action to recover a penalty or minimum damages imposed by statute where the statute does not explicitly authorize a class recovery thereof, does not bar plaintiffs putative class action. Plaintiff has waived her right to treble damages under Rent Stabilization Law of 1969 (RSL) (Administrative Code of City of NY) § 26-516 (a), and individual class members will be allowed to opt out of the class to pursue their treble damages claims, should they believe there is a lawful basis for doing so (see Downing v First Lenox Terrace Assoc., 105 AD3d —, 2013 NY Slip Op 02853 [1st Dept 2013]; Gudz v Jemrock Realty Co., LLC, 105 AD3d 625 [1st Dept 2013] [decided simultaneously herewith]). Although plaintiff did not waive her right to reimbursement for alleged overcharges and interest, and for attorneys’ fees, those claims do not render her action an action to recover a penalty for purposes of CPLR 901 (b) (see Downing-, Gudz).
Interpreting the requirements of the class action statute liberally (see City of New York v Maul, 14 NY3d 499, 509 [2010]), we find that the motion court did not exercise its discretion improvidently in finding those requirements satisfied (see Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010]). The issues of when defendant received J-51 benefits, *631 whether defendant deregulated apartments while receiving those benefits, which tenants resided in those apartments during those time periods, and whether defendant wrongfully charged market rents while accepting J-51 benefits are common issues that “predominate,” thereby meeting the commonality requirement of CPLR 901 (a) (2) (see id. at 423). The need to conduct individualized damages inquiries does not obviate the utility of the class mechanism for this action, given the predominant common issues of liability (see Godwin Realty Assoc. v CATV Enters., 275 AD2d 269, 270 [1st Dept 2000]; Pruitt v Rockefeller Ctr. Props., 167 AD2d 14, 22 [1st Dept 1991]).
Defendant’s counterclaim for rent arrears does not cause plaintiff to be an atypical member of the class. Her claim is typical of the claims of all class members in that each flows from defendant’s alleged unlawful deregulation of apartments while receiving J-51 benefits (see Friar v Vanguard Holding Corp., 78 AD2d 83, 99 [2d Dept 1980]). “[T]hat the underlying facts of each individual plaintiffs claim vary, or that [defendant’s] defenses vary, does not preclude class certification” (Pludeman, 74 AD3d at 424). Defendant’s counterclaim does not materially add to the complexity or difficulty of resolving plaintiff’s individual claim, and defendant’s suggestion that plaintiff might be inclined to settle her case to evade liability on the counterclaim is speculative.
The record indicates that plaintiff possesses an “adequate understanding of the case” to enable her to serve as class representative (Rollin v Frankel & Co., 290 AD2d 368, 369 [1st Dept 2002]), and that her attorneys possess the requisite “competence, experience and vigor” to serve as class counsel (see Fiala v Metropolitan Life Ins. Co., 52 AD3d 251, 251 [1st Dept 2008]). Plaintiffs intent to waive treble damages on behalf of the class does not render her an inadequate representative, given that any class member who wishes to pursue a claim for treble damages for willful overcharge may opt out and bring an individual action therefor (see Gudz).
We have considered defendant’s other contentions and find them unavailing.
Concur—Andrias, J.P, Renwick, Freedman and Feinman, JJ.