C.H. v Columbia Grammar & Preparatory Sch. (2022 NY Slip Op 02864)

C.H. v Columbia Grammar & Preparatory Sch.

2022 NY Slip Op 02864

Decided on April 28, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 28, 2022

Before: Gische, J.P., Webber, Friedman, Oing, Kennedy, JJ. 

Index No. 30467/20E Appeal No. 15814 Case No. 2021-04103 

[*1]C.H. an Infant Under the Age of 18 by Her Mother and Natural Guardian, Celeste Ramirez, etc., Plaintiff-Appellant,
v
Columbia Grammar and Preparatory School, Defendant-Respondent.

Law Office of John A. Scola, PLLC, New York (John A. Scola of counsel), for appellant.
Scully Mansukhani, LLP, New York (David J. Grech of counsel), for respondent.

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered on or about July 24, 2021, which denied plaintiff's motion for class certification pursuant to CPLR article 9, unanimously affirmed, without costs.
Plaintiff failed to meet the prerequisites for maintaining a class action against defendant with respect to her claims for discrimination on the basis of race, color, ethnicity, and national origin and for retaliation, in violation of the New York State and City Human Rights Laws (see CPLR 902; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 421-422 [1st Dept 2010]). The anonymous Instagram posts relied upon do not show that questions of law or fact common to the class predominate over questions of law or fact affecting individual class members (see Pludeman, 74 AD3d at 421). Rather, they show that the wrongs allegedly committed were individual in nature or subject to individual defenses (see Mitchell v Barrios-Paoli, 253 AD2d 281, 291 [1st Dept 1999]).
Plaintiff also failed to show that her claims are typical of those in the class (see Pludeman, 74 AD3d at 421-422), i.e., that they "derive[] from the same practice or course of conduct that gave rise to the remaining claims of other class members and [are] based upon the same legal theory" (Friar v Vanguard Holding Corp., 78 AD2d 83, 99 [2d Dept 1980]). Plaintiff's retaliation claim is especially atypical of the class, given her mother's affidavit that most of the parents of minority students with whom she spoke did not complain to school officials regarding discriminatory conduct. These parents and their children would not have a claim for retaliation.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 28, 2022