| |
|---|
| **Esposito v Hair Bar NYC Inc.** |
| 2024 NY Slip Op 30608(U) |
| February 27, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 152517/2022 |
| Judge: Dakota D. Ramseur |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT: **HON. DAKOTA D. RAMSEUR**

*Justice*

PART **34M**

-------------------------------------------------------------------------X

LUCENIA ESPOSITO,

Plaintiff,

- v -

HAIR BAR NYC INC.,HAIR BAR NYC DELRAY BEACH INC, BENY MOLAYEV

Defendant.

-------------------------------------------------------------------------X

INDEX NO. 152517/2022

MOTION DATE N/A

MOTION SEQ. NO. 002

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53

were read on this motion to/for ORDER MAINTAIN CLASS ACTION .

In March 2022, plaintiff Lucenia Esposito commenced this Labor Law class action against corporate defendants Hair Bar NYC, Inc. and Hair Bar NYC Delray Beach, Inc. and individual defendant Beny Molayev. As a former employee who worked as a stylist at Hair Bar NYC, plaintiff alleges that Molayev owns and operates four New York salons as part of a single integrated enterprise and that wage/leave policies at these salons violate several provisions of the New York Labor Law and Family Medical Leave Act (hereinafter, "FMLA"). In this motion sequence (002), plaintiff moves pursuant to CPLR 901 and 902 for class certification. The proposed class consists of "all non-exempt employees that were employed by Defendants at any of their salons 'Hair Bar NYC' at any time between March 24, 2016, and the present." (NYSCEF doc. no. 35, underline proposed notice to class.) For the following reasons, plaintiff's motion is granted.

## BACKGROUND

On September 16, 2021, plaintiff began her employment as an Assistant Hair Stylist at the Hair Bar NYC salon located at 180 Lafayette St., New York, New York. (NYSCEF doc. no. 2 at ¶ 24, underline complaint.) Defendants scheduled her to work four days per week, from 9:45 a.m. to 7:00 p.m. for a total of 37 hours per week. (*Id.* at ¶ 26.) Nonetheless, she alleges that defendants required her to arrive early and stay late, time for which she was not compensated. (NYSCEF doc. no. 36 at ¶ 4, underline plaintiff affidavit.) For scheduled work, defendants paid her a $100 daily flat rate per day, averaging approximately $10.81 per hour. (NYSCEF doc. no. 2 at ¶ 27.) During her employment, plaintiff alleges that defendants paid below the basic minimum wage, even after accounting for wages supplemented by tips. (*Id.* at ¶ 33.) Nonetheless, defendants (1) took a tip credit, (2) did so even though she engaged in non-tipped work for approximately 95% of the total hours she worked each week, (3) failed to provide her with notice of the amount of the credit, and (4) failed to provide her with proper wage statements reflecting payments to her and the tip credit taken. (*Id.* at ¶ 29; NYSCEF doc. no. 36 at ¶¶ 7, 11-14.)

**152517/2022 ESPOSITO, LUCENIA vs. HAIR BAR NYC INC. ET AL**
**Motion No. 002**

**Page 1 of 6**

On or about November 3, 2021, plaintiff alleges that she suffered a medical incident while at work that required immediate treatment. She avers that defendants did not allow her to seek medical treatment and fired her on the spot. (NYSCEF doc. no. 2 at ¶ 50.) Accordingly, she alleges defendants violated certain statutory rights protected by the FMLA.

Plaintiff alleges that Beny Molayev founded Hair Bar NYC and is its current CEO. According to her, he and Hair Bar NYC operate four salons in New York—located at 180 Lafayette Street, 31 West 46th Street, 416 3rd Ave, and 115-121 Spruce Street—as a single integrated enterprise. (NYSCEF doc. no. 33 at 6, plaintiff memo of law.) During her employment, Hair Bar NYC had a policy of interchanging or rotating stylists, including her, between the different salons on an as-needed basis. (NYSCEF doc. no. 36 at ¶ 8.) Through her work at each store (*id.*) and conversations she had with other stylists (*id.* at 3), plaintiff avers that defendants had similar compensation policies at each salon (*id.* at ¶ 9-10 ["I can confirm that any complaint that my coworkers had about Defendants was similar at all Defendants' stores. When working at other New York locations, I learned that Defendants were indeed compensating everyone on a fixed daily salary that resulted in shorting everyone's pay"].) Nonetheless, plaintiff has not submitted sworn affidavits from coworkers testifying to defendants' policies at the three other salons.

## DISCUSSION

Preliminarily, since plaintiff seeks class certification against Molayev and Hair Bar NYC Delray Beach, neither of whom is technically her employer, she must demonstrate that Molayev operates the four salons (or their corporate entities) as a single integrated enterprise. (*See Fowler v Scores Holding Co., Inc.*, 677 F.Supp.2d 673, 680-681 [SDNY 2009].) In assessing whether separate entities are run as such an enterprise, courts use a four-factor test that considers whether: (1) operations are interrelated, (2) labor relations are under centralized control, (3) the different entities have common management, and (4) the entities are under common ownership or financial control. (*Id.* at 681, citing *Arculeo v On-Site Sales & Mktg., LLC*, 425 F.3d 193, 198 [2d Cir. 2005].) While no one factor is determinative, the central concern is the control of labor relations. (*Zuccarini v PVH Corp.*, 2016 NY Slip Op 30350 [U] at *4 [Sup. Ct. NY County 2016].)

Here, plaintiff has demonstrated that Molayev operates the four hair salons as a single enterprise. First, Molayev admits that he is the president and owner of the corporate entities that own and operate the four salons. (NYSCEF doc. no. 50 at ¶ 4, Molayev affidavit.) Second, Hair Bar NYC operates a single website with a "Book Now" link that directs customers to book appointments at any one of the four stores in New York. (NYSCEF doc. no. 37, exhibit c.) Third, plaintiff has demonstrated that control over Hair Bar NYC's workforce is sufficiently centralized: she avers, *and Molayev admits*, that she and her coworkers were occasionally required to cover understaffed shifts at different salons when necessary. (*See* NYSCEF doc. no. 50 at ¶ 5 ["At times, employees and stylists may be asked on occasion to fill in at another location [and it is their decision whether to do so]."]) In opposition, defendants contend that "each corporation has a separate tax identification number, separate payroll, separate employees, separate stylists, and separate insurance… and employees of each salon are not interchangeable" such that they do not run a single enterprise." (NYSCEF doc. no. 52 at 11, def. memo of law.)

**152517/2022 ESPOSITO, LUCENIA vs. HAIR BAR NYC INC. ET AL**
Motion No. 002

Page 2 of 6

2 of 6

[* 2]

Defendants' arguments, however, do not reflect the factual allegations plaintiff has made, or indeed, those facts to which Molayev has admitted. Again, while each salon may employ their own stylists, their employees are undoubtedly interchangeable, as demonstrated by Molayev's acknowledgment that Hair Salon NYC would request employees take shifts at other branches. That each entity may have separate tax identification numbers and payrolls demonstrates only that they are different entities—not the absence of a single integrated enterprise. Lastly, defendants argue that "plaintiff does not specifically identify the name of her employer or identify any of the entities that operate at any of the aforementioned locations." However, defendants have cited no authority, and the Court is unaware of any authority, for the proposition that each corporate entity comprising the single integrated enterprise must be named as a defendant for plaintiff to obtain class certification. Accordingly, plaintiff has established that Molayev and the four New York salons operate as a single integrated enterprise.

CPLR 902 provides that a class action may only be maintained if the five prerequisites promulgated by CPLR 901 (a) are met. (*Pludeman v Northern Leasing Sys., Inc.*, 74 AD3d 420, 421 [1st Dept 2010]; CPLR 902.) These prerequisites are: (a) (1) the class is so numerous that joinder of all members is impracticable (numerosity); (2) questions of law or fact common to the class predominate over questions of law or fact affecting individual class members (commonality); (3) the claims or defenses of the class representatives are typical of those in the class (typicality); (4) the class representatives will fairly and accurately protect the interest of the class; and (5) a class action represents the superior method of adjudicating the controversy (superiority). (*Id.*; CPLR 901 [a].)

The party seeking class certification bears the burden of establishing the prerequisites provided by CPLR 901 (a) by tendering evidence in admissible form. (*Weinstein v Jenny Craig Operations, Inc.*, 138 AD3d 546, 547 [1st Dept 2016]; *Kudinov v Kel-Tech Constr. Inc.*, 65 AD3d 481, 481 [1st Dept 2009].) Conclusory allegations are insufficient to satisfy the moving party's burden. (*Feder v Staten Island Hosp.*, 304 AD2d 470, 471 [1st Dept 2003]; *Pludeman*, 74 AD3d at 422.) Whether these prerequisites have been met and, thus, whether a lawsuit qualifies as a class action, rests within the trial court's sound discretion. However, the court must be mindful that class certification should be liberally construed. (*Kudinov*, 65 AD3d at 481.) Further, the Court recognizes that "claims for uniform systemwide wage violations are particularly appropriate for class certification" since the cost of litigating individually often outweighs the value of the individual's claim. (*Andryeyeva v New York Health Care, Inc.*, 33 NY3d 152, 184 [2019].)

As to plaintiff's FMLA cause of action, plaintiff alleges that she ordinarily worked 37 hours per week plus an additional unscheduled four hours per work, or 41 altogether. (NYSCEF doc. no. 36 at ¶ 4.) She alleges that she worked from September 16, 2021, through November 3, 2021, or little more than six weeks, meaning plaintiff worked approximately 246 hours total. However, to allege a Family Medical Leave Act violation, a plaintiff must assert that she worked for her employer for 12 months or 1,250 hours. (*Matter of Martinez v City of New York*, 206 AD3d 532, 532-533 [1st Dept 2022].) Since plaintiff cannot plausibly assert she worked the requisite amount of time at Hair Bar NYC, the Court cannot grant class certification on this

**152517/2022 ESPOSITO, LUCENIA vs. HAIR BAR NYC INC. ET AL**
**Motion No. 002**

**Page 3 of 6**

3 of 6

claim. (*See Matter of Monroe St. v City of New York*, 202 AD3d 542, 543 [1st Det 2022] ["Since petitioner's substantive claims are without merit, there is no basis for certification of a class"].) [1]

As to the New York Labor Law claims, plaintiff contends that she has demonstrated each of the five prerequisites described above: she avers that (1) defendants, at any one time, have between 12-15 employees at each salon (NYSCEF doc. no. 36 at ¶ 15), which courts recognize as being sufficiently numerous (*see Consol Rail Corp. v Town of Hyde Park*, 47 F3d 473, 483 [2d Cir. 1995]; *Jimenez v Summit Sec. Servs.*, 2023 NY Slip Op 34011 [U] at * 5 [Sup. Ct. NY County 2023]); (2) essential questions of law and fact related to defendants' business practices and compensation policies are common to all members of the proposed class and predominate over those questions involving respective individuals; (3) plaintiff's claims—as an employee who did not receive a basic minimum wage or wage statements—derive from, or are typical of, the same practice or course of conduct that give rise to the claims of other class members (*see Pludeman v Northern Leasing Sys., Inc.*, 74 AD3d 420, 421 [1st Dept 2010]); (4) she will adequately represent the interests of the class; and (5) class action is superior to other forms of dispute resolution since class actions are "the best method of adjudicating" wage and hour disputes (*see Andryeyeva,* 33 NY3d at 184.)

The Court agrees. Based on personal observation, plaintiff alleges that the class consists of anywhere between 40 and 100 members, which sufficiently demonstrates the numerosity requirement. (*See Globe Surgical Supply v GEICO Ins. Co.*, 59 AD3d 129, 137-138 [2d Dept 2008] [finding the numerosity requirement satisfied where the proposed class was "at a minimum between 10 and 100 (class members)"]; *Borden v 400 E. 55th St. Assoc., L.P.* (24 NY3d 382, 399 [2014] [acknowledging that the legislature envisioned, however remotely, a properly certified class containing as few at 18 members]; *Consol Rail Corp. v Town of Hyde Park*, 47 F3d 473, 483 [2d Cir. 1995] ["numerosity is presumed at a level of 40 members"].) Outside the FMLA claims that the Court has already denied class certification, there appears to be no dispute that questions of law and fact predominate over individual questions under the Labor Law and that her claims arise out of a common practice or course of conduct as other members. (*See* NYSCEF doc. no. 52 at 12-13.) Defendants neither suggest that plaintiff cannot adequately represent the interest of the class nor deny that Labor Law claims, because they tend to involve relatively modest monetary figures, are particularly appropriate for class action.

In their opposition, defendants cite this Court's decision in *Aldape v Ocinomled, Ltd.* (2023 NY Slip Op 50811 [U] [Sup. Ct. NY Count 2023] [Ramseur, J.]) to argue that plaintiff has not demonstrated evidence of a potential class of people harmed by defendants' alleged unlawful business practices. In *Aldape*, the Court stressed that the plaintiff therein did not work at three of the four restaurants comprising the single integrated enterprise and, therefore, had no personal knowledge of their policies and practices. Instead, the allegations against these other restaurants originated from conversations he had with his coworkers. (*Id.* at *2.) With respect to these three

---

[1] It is unclear to what extent plaintiff seeks class certification based on this claim. In her proposed notice of class action, plaintiff asserts that she is seeking unpaid wages, statutory penalties, liquidated damages, and attorneys' fees. She then states that she is also seeking damages for violations of the FMLA. (NYSCEF doc. no. 35 at 1, 3.) Elsewhere in the proposed notice, plaintiffs appear to limit the class action to those claims under the New York Labor Law. (*Id.* at 4 ["Your rights and options: You have to decide whether to file the attached Opt-Out From to be excluded from the Class with respect to the New York Labor Law claims"].)

**152517/2022 ESPOSITO, LUCENIA vs. HAIR BAR NYC INC. ET AL**
**Motion No. 002**

**Page 4 of 6**

4 of 6

entities, then, the Court found that Aldape's affidavit was insufficient to support class certification because it relied entirely on conclusory allegations and inadmissible hearsay. In the Court's words, since Aldape did not furnish supporting affidavits from those employees who had worked at the other establishments, "such a dearth of evidence means the existence of potential class members [at these other restaurants] remains entirely speculative and does not meet even the liberal standard for granting class certification." (*Id.* at *4.) Here, unlike in *Aldape*, plaintiff indeed furnishes an affidavit in which avers she worked in the three other salons and describes various personal observations, including that she and her coworkers worked overtime, for which they were not paid, and were engaged in non-tipped activity for more than 50% of their work day. (NYSCEF doc. no. 36 at ¶¶ 4, 7-9.)

Defendants raise several other objections, each relating to the sufficiency of plaintiff's proffered evidence on her Labor Law and FMLA claims.[2] They contend that plaintiff failed to provide corroborating documentary evidence that she worked at the other three locations (and which days), spoke to her fellow employees, worked more than 37 hours per week but was paid only for scheduled hours, was paid less than minimum wage, and was not provided written wage notices. (*See* NYSCEF doc. no. 52 at 9-11.) However, in assessing whether certification is appropriate, courts do not consider whether a plaintiff's claims have merit; instead, the inquiry is minimal and limited to whether, on the surface of the complaint, there appears to be a cause of action that is not a sham. (*See, Pludeman*, 74 AD3d at 422; *Brandon v Chefetz*, 106 AD2d 162, 168 [1st Dept 1985].) Under this standard, plaintiff's sworn testimony, based on personal knowledge, is clearly sufficient. (*See Jenny Craig Operations, Inc.*, 138 AD3d 546, 547 [1st Dept 2016].) To the extent that defendants argue their records show they compensated her at a rate above minimum wage (NYSCEF doc. no. 52 at 9) and that she did not work more than 37 hours in a given week (*id.*), defendants' only evidence consists of an affidavit from Molayev. They did not attach wage statements or other records establishing plaintiff's hours or wages.

Lastly, since the proposed class consists of employees who have each suffered relatively modest damages that may not otherwise motivate them to bring actions individually due to the costs of litigation, the Court finds class action to be the superior method for adjudicating plaintiff's Labor Law claims.

Accordingly, for the foregoing reasons, it is hereby

ORDERED that plaintiff Lucenia Esposito's motion for class certification pursuant to CPLR 901 and 902 is granted; and it is further

ORDERED that this class action is certified as a class action, with the class being defined as follows: All non-exempt employees that were employed by Defendants at any of their salons 'Hair Bar NYC' at any time between March 24, 2016, and the present; and it is further

---

[2] In their memorandum of law in opposition, defendants appear to argue that the definition of the proposed class is overbroad. (*See* NYSCEF doc. no. 52 at 9 ["Likewise, receptionists and managers perform different duties and are paid differently than assistant stylists, and thus, are not subject to the same wage and hour policies."].) Other than this single statement, defendants do not seek to limit the proposed class to stylists.

**152517/2022 ESPOSITO, LUCENIA vs. HAIR BAR NYC INC. ET AL**
**Motion No. 002**

ORDERED that plaintiff is appointed Lead Plaintiff and Class Representative; and it is further that Lee Litigation Group, PLLC shall serve as class counsel; and is further

ORDERED that counsel for the Class submit to the Court for its approval the text of a proposed Notice to the Class, including an opt-out provision, that adheres to the class definition described above within thirty (30) days; and it is further

ORDERED that counsel for the parties shall appear at 60 Centre Street, Courtroom 341 at 9:30 a.m. on March 19, 2024, for a preliminary conference with the Court; and it is further

ORDERED that counsel for plaintiffs shall serve a copy of this order, along with notice of entry, on all parties within ten (10) days of entry.

This constitutes the Decision and Order of the Court.

| 2/27/2024 | | | | |
|-----------|---|---|---|---|
| **DATE** | | | **DAKOTA D. RAMSEUR, J.S.C.** | |
| **CHECK ONE:** | ☐ CASE DISPOSED | | ☒ NON-FINAL DISPOSITION | |
| | ☒ GRANTED | ☐ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| **APPLICATION:** | ☐ SETTLE ORDER | | ☐ SUBMIT ORDER | |
| **CHECK IF APPROPRIATE:** | ☐ INCLUDES TRANSFER/REASSIGN | | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

**152517/2022   ESPOSITO, LUCENIA vs. HAIR BAR NYC INC. ET AL**
**Motion No.  002**

Page 6 of 6