Wallach v New York City Health & Hosps. Corp. (2025 NY Slip Op 01308)

Wallach v New York City Health & Hosps. Corp.

2025 NY Slip Op 01308

Decided on March 06, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 06, 2025

Before: Kern, J.P., Mendez, Rodriguez, Pitt-Burke, Higgitt, JJ. 

Index No. 156269/18|Appeal No. 3826|Case No. 2023-03253|

[*1]Jeffrey Wallach, etc., Plaintiff-Respondent,
v
New York City Health and Hospitals Corporation, Defendant-Appellant.

Muriel Goode-Trufant, Corporation Counsel, New York (Geoffrey E. Curfman of counsel), for appellant.
Fisher Taubenfeld LLP, New York (Michael Taubenfeld of counsel), for respondent.

Order, Supreme Court, New York County (Nicholas W. Moyne, J.), entered May 4, 2023, which granted plaintiff's motion for class certification to the extent of certifying the proposed class limited only to managers who were employed by acute care facilities, unanimously reversed, on the law, without costs, and the motion denied in its entirety.
Class certification is inappropriate because plaintiff failed to make an adequate showing of disparate impact (see Administrative Code of City of NY § 8-107[17][a]-[b]; Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010]). Plaintiff's calculations, which are unsupported by expert opinion and based on questionable underlying data not limited to the subject acute care facilities, fail to show a statistically significant imbalance with respect to the proposed putative class. We decline to consider plaintiff's request, made for the first time on appeal, to limit the putative class to employees of his own facility in Kings County.
Class certification is additionally inappropriate because the statutory class certification factors are not satisfied with respect to the proposed putative class (see CPLR 901; Pludeman, 74 AD3d at 421-423). The existence of numerosity is undisputed. The existence of the other statutory prerequisites to class certification depends on the existence of a "common mode of discretion" — that is, a centralized policy directing how discretion was to be exercised in deciding which positions to reduce across all 11 acute care facilities (see Chen-Oster v Goldman, Sachs & Co., 325 FRD 55, 72-75 [SD NY 2018]). In the absence of a common mode of discretion, each employee's claim will necessarily require individualized proof regarding that employee's age, position, facility, and the method of decision-making used by the employee's particular facility head. Plaintiff failed to demonstrate that any such common mode existed here.
The cost-cutting initiative relied on by plaintiff — the Managerial Efficiency Improvement Initiative, Phase 2 (MEII-2) — did not dictate any mandatory ranking protocol or assessment procedure, and different facility heads approached the decision-making process in different ways. Facility heads were given a broad goal of reducing a certain number of managerial positions in a certain timeframe while moving their facilities' management structure closer to the structure reflected in the table of organization, along with some "soft guidance" on how to do so. Both MEII-2 and defendant's guidance were focused on the elimination of positions, not which employees would be retained to fill these positions. Defendant also exercised limited oversight over the facilities' selections, reviewing them largely for administrative and compliance purposes.
Because we find that the class certification factors set forth at CPLR 901 are not satisfied, we need not address the additional class certification considerations set forth in CPLR 902. We also need not address the [*2]adequacy of proposed class counsel.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 6, 2025