**Smith v BSP Broadway 1 LLC**

2025 NY Slip Op 32730(U)

August 6, 2025

Supreme Court, New York County

Docket Number: Index No. 152834/2024

Judge: Lyle E. Frank

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:  **HON. LYLE E. FRANK**

*Justice*

PART **11M**

-------------------------------------------------------------------------------X

KIMELA SMITH, SIMIN SABOOHI, KIERRA NEWSAM,

Plaintiff,

- v -

BSP BROADWAY 1 LLC, BSP BROADWAY 2 LLC, YAARON LLC, 109 WEST 105TH LLC

Defendant.

-------------------------------------------------------------------------------X

| INDEX NO. | 152834/2024 |
| MOTION DATE | 03/28/2025 |
| MOTION SEQ. NO. | 001 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 001) 10, 11, 12, 13, 14, 15, 16, 17, 18, 20, 22, 23, 24, 25, 26, 27, 28, 29, 30, 31

were read on this motion to/for ORDER MAINTAIN CLASS ACTION .

Upon the foregoing documents, the motion is granted.

This motion for class action certification arises out of a proceeding alleging that the Defendants (entities alleged to be owned in whole or part by the same individual) have engaged in a scheme to inflate rents for rent-stabilized units. The named plaintiffs Kimela Smith and Kierran Newsam (a former named plaintiff Simin Saboohi is no longer participating as a class representative) allege a variety of housing law violations related to the buildings located at 6645 Broadway and 109 West 105th Street, New York, NY (the "Buildings"). Plaintiffs are also seeking discovery related to the security deposits and MCI/IAI rent increases. Defendants oppose the motion. For the reasons that follow, the motion is granted.

## *The Standard of Review*

CPLR § 901 permits a class action to proceed if five prerequisites are met:

(1) the class is so numerous that joinder of all members, whether otherwise required or permitted, is impracticable; (2) there are questions of law or fact common to the class which predominates over any questions affecting only individual members; (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; (4) the

**152834/2024  SMITH, KIMELA ET AL vs. BSP BROADWAY 1 LLC ET AL**
**Motion No. 001**

Page 1 of 5

1 of 5

[* 1]

representative parties will fairly and adequately protect the interests of the class; and (5) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

Class actions are permitted under CPLR § 901 in proceedings seeking to recover compensatory overcharges, when tenants waive treble damages. *Borden v. 400 E. 55th St. Assoc., L.P.*, 24 N.Y.3d 382, 389 [2014]. While the qualification as a class action rests in the trial court's discretion, the party seeking certification bears the initial burden of establishing the CPLR § 901 criteria. *CLC/CFI Liquidating Trust v. Bloomingdale's, Inc.*, 50 A.D.3d 446, 447 [1st Dept. 2008].

### *The Numerosity Requirement Has Been Met*

Plaintiffs' proposed class consists of all current and prior tenants of the Buildings who were or are in "apartments that were subject to unlawful deregulation, rent overcharges, fraudulent misrepresentation and loss of comingled security deposits from March 27, 2020, to the present." The Court of Appeals has noted when certifying a class of current and prior tenants that the legislator's reasoning for the numerosity requirement clearly applies in cases "where tenants have moved out of the building", and that classes as few as 18 members were contemplated by the legislature. *Borden*, at 399. Plaintiffs argue that ascertaining the precise number of class members requires further discovery because that information is under the control and knowledge of Defendants. Furthermore, in *Hoffman*, the First Department noted that it is "clear" that class actions are permitted in rent overcharge cases, and the fact that the "identity of class members, i.e., which units were treated as deregulated and who leased them during the relevant time period, is within the defendant's knowledge" does not defeat numerosity. *Hoffman v. Fort 709 Assoc., L.P.*, 204 A.D.3d 516, 517 [1st Dept. 2022]. The Court finds that the numerosity requirement has been met.

**152834/2024   SMITH, KIMELA ET AL vs. BSP BROADWAY 1 LLC ET AL**
**Motion No.  001**

**Page 2 of 5**

## *The Commonality Factor Has Been Met*

Defendants argue that Plaintiffs have not shown commonality of fact or law because the amount of rent charged and the periods during which tenants moved in or out of the building would vary between the members. But this prong of the § 901 test allows for a finding of predominance of common issues when the issues "derive from the same practice or conduct by defendant." *Jim & Phil's Family Pharm., Ltd. v. Aetna U.S. Healthcare, Inc.*, 271 A.D.2d 281, 282 [1st Dept. 2000]. Regardless of whether the actual amount of damages suffered by the individual class members varies, certification can be granted "if the important legal or factual issues involving liability are common to the class." *Borden*, at 399. The second requirement for class certification has been met.

## *The Typicality Requirement Has Been Met*

The third subsection of CPLR § 901(a) requires that the claims asserted by the class representative be typical of the claims made by the class members. This requirement "does not require identity of issues" and a showing that the claims "derive from the same practice or course of conduct that gave rise to the remaining claims of other class members and is based upon the same legal theory" satisfies this requirement. *Pludeman v. Northern Leasing Sys., Inc.*, 74 A.D.3d 420, 423 [1st Dept. 2010]. The fact that there are likely to be differences in rents paid and allegedly overcharged does not defeat typicality, as all claims here derive from the same course of conduct. *See, e.g., Borden* at 399 (holding that varying amounts of damages suffered by class members does not defeat typicality). The third requirement for class certification has been met.

## *The Class Representatives Fairly and Adequately Protect the Interests of the Class and a Class Action is the Superior Method*

**152834/2024   SMITH, KIMELA ET AL vs. BSP BROADWAY 1 LLC ET AL**                    **Page 3 of 5**
**Motion No.  001**

3 of 5

[* 3]

The fourth requirement for class certification is that the proposed representatives will fairly and adequately protect the interests of the class. Defendants argue that the affidavits provided by Plaintiffs is inadequate to establish this requirement. The Court finds that the affidavits adequately establish that the class representatives will fairly and adequately protect the class interests. And finally, the last requirement is that a class action is a superior method to other available forms. Given the facts here, the Court finds that a class action would preserve judicial resources and be the superior method. Therefore, Plaintiffs have shown that they meet all five prerequisites for class certification under CPLR § 901(a).

### *Discovery*

Part of Plaintiffs' motion regards discovery disputes between the parties. No preliminary conference has been held, which is required under the part rules before a discovery motion. Therefore, this portion of the motion will be considered resolved at this time by the scheduling of a preliminary conference. Accordingly, it is hereby

ADJUDGED that the motion is granted; and it is further

ORDERED that the parties directed to appear for a preliminary conference in this action on September 23rd, 2025, at 10:00 am via electronic means; and it is further

ORDERED and ADJUDGED that Plaintiffs' claims are certified as a CPLR § 901 class action on behalf of a class defined as: all tenants of the Jungries Portfolio in the buildings located at 6645 Broadway, New York, NY and 109 West 105th Street, New York NY, living, or who had previously lived in the apartments that were subject to alleged unlawful deregulation, rent overcharges, fraudulent misrepresentation and loss of comingled security deposits from March 27, 2020 to the present; and it is further

**152834/2024   SMITH, KIMELA ET AL vs. BSP BROADWAY 1 LLC ET AL**                    **Page 4 of 5**
  **Motion No.  001**

4 of 5

[* 4]

ORDERED and DECLARED that Plaintiffs are appointed as representatives for the Class

and counsel for Plaintiffs are appointed as Class Counsel.

20250806153439LFRANK5F591?434CF64CCAAE7C6D8167603604

| **8/6/2025** | | | | | | | |
|---|---|---|---|---|---|---|---|
| **DATE** | | | | | **LYLE E. FRANK, J.S.C.** | | |
| CHECK ONE: | | | CASE DISPOSED | X | NON-FINAL DISPOSITION | | |
| | X | | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | | SETTLE ORDER | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

**152834/2024   SMITH, KIMELA ET AL vs. BSP BROADWAY 1 LLC ET AL**
**Motion No.  001**