Hichez v United Jewish Council of the E. Side, Home Attendant Serv. Corp. (2020 NY Slip Op 00515)





Hichez v United Jewish Council of the E. Side, Home Attendant Serv. Corp.


2020 NY Slip Op 00515


Decided on January 23, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 23, 2020

Gische, J.P., Mazzarelli, Webber, Gesmer, JJ.


10871N 653250/17

[*1] Epifania Hichez, et al., Plaintiffs-Respondents,
v
United Jewish Council of the East Side, Home Attendant Service Corp., Defendant-Appellant.


Hogan Lovells US LLP, New York (Kenneth Kirschner of counsel), for appellant.
Fisher Taubenfeld LLP, New York (Michael Taubenfeld of counsel), for respondents.



Order, Supreme Court, New York County (Kathryn E. Freed, J.), entered September 30, 2018, which denied defendant's motion to compel arbitration and stay this class action, unanimously affirmed, without costs.
Plaintiffs assert wage-hour and wage-parity claims under the Labor Law, and breaches of contracts requiring defendant's compliance with the Home Care Worker Wage Parity Act (Public Health Law § 3614-c), and the New York City Fair Wages for Workers Act (Administrative Code of City of NY § 6-109). Defendant moved to compel arbitration under the terms of a memorandum of agreement (MOA) between defendant and 1199 SEIU United Healthcare Workers East (Union), which became effective December 1, 2015.
Plaintiffs are not prohibited from bringing this action by the arbitration provision in article XXVI of the collective bargaining agreement (CBA) between defendant and the Union, which "limits mandatory arbitration to disputes between an employee and employer concerning the interpretation or application of [a specific] term of the CBA" (Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596, 596 [1st Dept 2019] [internal quotation marks omitted])). Here, plaintiffs assert claims outside of the CBA.
Nor are plaintiffs bound by the new article "hereby created" by the MOA that was intended to govern wage-hour and wage-parity disputes "exclusively." Although the MOA requires arbitration of the statutory claims asserted in the complaint (see Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 223 [1st Dept 2014]; see Abdullayeva v Attending Homecare Servs., LLC, 928 F3d 218, 222 [2d Cir 2019]), plaintiffs "were no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the Union was authorized to proceed on their behalf" (Konstantynovska v Caring Professionals, Inc., 172 AD3d 486, 487 [1st Dept 2019]; see Lorentti-Herrera, 173 AD3d at 596; Chu v Chinese-American Planning Council Home Attendant Program, Inc., 194 F Supp 3d 221, 228 [SD NY 2016]). As former employees or retirees "whose work has ceased with no expectation of return," plaintiffs were not members of the bargaining unit represented by the Union (Allied Chem. & Alkali Workers of Am., Local Union No. 1 v Pittsburgh Plate Glass Co., Chem. Div., 404 US 157, 172 [1971]).
Contrary to defendant's contention, the new article in the MOA does not "clearly and [*2]unmistakably" delegate the determination of arbitrability to the arbitrator. It neither incorporates the arbitration procedures of CBA article XXVI nor adopts the procedural rules of the American Arbitration Association.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 23, 2020
CLERK