Pustilnik v Premier Home Health Care Servs., Inc. (2022 NY Slip Op 02374)

Pustilnik v Premier Home Health Care Servs., Inc.

2022 NY Slip Op 02374

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Renwick, J.P., Friedman, Moulton, Mendez, Pitt, JJ. 

Index No. 155081/16 Appeal No. 15701-15701A Case No. 2020-04767, 2020-04769 

[*1]Boris Pustilnik et al., Plaintiffs-Respondents,
v
Premier Home Health Care Services, Inc., Defendant-Appellant.

Bond, Schoeneck & King PLLC, New York (Rebecca K. Kimura of counsel), for appellant.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.

Order, Supreme Court, New York County (David Benjamin Cohen, J.), entered
on or about July 22, 2020, which denied defendant's motion to compel arbitration and dismiss the second amended complaint and granted plaintiffs' motion to permanently enjoin arbitration, unanimously modified, on the law, to dismiss the fourth cause of action, for Labor Law § 193 claims, and otherwise affirmed, without costs. Order, same court and Justice, entered November 13, 2020, which, to the extent appealable, denied defendant's motion to renew, unanimously affirmed, without costs.
Article XXVI of the 2009 collective bargaining agreement (CBA) between plaintiffs' union and defendant employer mandated arbitration for a "grievance," defined as "a dispute arising . . . concerning an alleged breach of a specific term of this agreement." Statutory wage claims such as those asserted by plaintiffs here arise independently of any collective bargaining agreement and are therefore not "grievances" as defined by the CBA, and thus are not subject to arbitration pursuant to the CBA (see Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc., 198 AD3d 500 [1st Dept 2021]; Hichez v United Jewish Council of the E. Side, Home Attendant Serv. Corp., 179 AD3d 576 [1st Dept 2020], lv denied 37 NY3d 909 [2021]; Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596 [1st Dept 2019]; Agarunova v Stella Orton Home Care Agency, Inc., 794 Fed Appx 138, 139 [2d Cir 2020]). The subsequent 2016 memorandum of agreement (MOA), modifying the 2009 CBA, does contain a broader provision that would potentially require arbitration of the claims, but was entered into after plaintiffs' employment with defendant ceased. Supreme Court correctly found that plaintiffs, as pre-2016 MOA employees, were not parties to any agreement to arbitrate their statutory wage claims (see Konstantynovska v Caring Professionals, Inc., 172 AD3d 486, 487 [1st Dept 2019]).
Since plaintiffs agreed in their opposition to defendant's second
motion to compel to withdraw any claim pursuant to Labor Law § 193 for unlawful deductions, the fourth cause of action should have been dismissed.
We have considered the remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022