Matter of Berger v New York Univ. (2022 NY Slip Op 03313)





Matter of Berger v New York Univ.


2022 NY Slip Op 03313


Decided on May 19, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 19, 2022

Before: Kapnick, J.P., Webber, Mendez, Pitt, Higgitt, JJ. 


Index No. 152610/19 Appeal No. 15959-15959A Case No. 2020-03493, 2020-04646 

[*1]In the Matter of Richard Berger etc., Petitioner-Respondent,
v
New York University, Respondent-Appellant.


DLA Piper LLP (US), New York (Garrett Kennedy of counsel), for appellant.
Virginia & Ambinder, LLP, New York (James Emmet Murphy of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered July 10, 2020, which vacated, resettled, and corrected a prior order, same court and Justice, entered April 29, 2020, and which granted petitioner's motion to stay arbitration of his claims against defendant New York University (NYU), unanimously affirmed, without costs. Appeal from April 29, 2020, order unanimously dismissed, without costs, as superseded by the July 10, 2020 order.
The issue of whether petitioner's claims are arbitrable was properly before the motion court, as the language of the arbitration clause contained in the collective bargaining agreement (CBA) between petitioner's union and NYU lacks the plain and sweeping language demonstrating an intent by the parties to delegate the question of arbitrability to an arbitrator (see e.g. Matter of Steyn v CRTV, LLC, 175 AD3d 1, 11 [1st Dept 2019]; cf. Matter of Smith Barney Shearson v Sacharow, 91 NY2d 39, 46 [1997]). The clause does not state that it encompasses "any and all disputes" between the parties (see John Hancock Life Ins. Co. v Wilson, 254 F3d 48, 53-54 [2d Cir 2001]), and it does not explicitly delegate the arbitrability question to an arbitrator (cf. Smith Barney Shearson, 91 NY2d at 46).
Moreover, the CBA does not evince a clear and unmistakable intent to arbitrate the Labor Law claims at issue here (see Hichez v United Jewish Council of the E. Side, Home Attendant Serv. Corp., 179 AD3d 576 [1st Dept 2020]; see Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596 [1st Dept 2019]). The arbitration clause does not explicitly state that Union members agreed to submit to arbitration all causes of action arising out of their employment, and it does not specifically reference the statutes on which petitioner's claims are based (Tamburino v Madison Sq. Garden, LP, 115 AD3d 217, 223 [1st Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 19, 2022