Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc. (2023 NY Slip Op 01170)

Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc.

2023 NY Slip Op 01170

Decided on March 07, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2023

Before: Renwick, J.P., Singh, Kennedy, Mendez, Rodriguez, JJ. 

Index No. 158949/17 Appeal No. 17461-17462 Case No. 2022-02375, 2022-02378 

[*1]Maktumma Teshabaeva et al., Plaintiffs-Respondents,
v
Family Home Care Services of Brooklyn and Queens, Inc., et al., Defendants-Appellants.

Ford Harrison LLP, New York (Richard Bahrenburg of counsel), for appellants.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered December 10, 2021, which denied defendants' motion for leave to renew their prior cross motion to compel arbitration, and granted plaintiffs' request for legal fees expended in opposing the motion, unanimously affirmed. Order, same court and Justice, entered December 10, 2021, which granted plaintiffs' motion to strike defendants' answer as a discovery sanction, unanimously affirmed, without costs.
Plaintiffs Maktumma Teshabaeva and Jian Hua Deng worked as home health aids for defendants from, respectively, February 2012 through approximately June 2012 and November 2009 through May 2014. In October 2017, plaintiffs commenced this putative wage-and-hour class action, asserting Labor Law and breach of contract claims, alleging that they were underpaid for their 24-hour shifts and weekly overtime.
In or about 2015, plaintiffs' union and, inter alia, defendants executed a memorandum of agreement (2015 MOA), amending the parties' 2012 collective bargaining agreement, which set forth a mandatory alternative dispute resolution procedure for unresolved claims arising out certain Labor Law and wage-hour statutes. In January 2019, the Union submitted a class-action grievance pursuant to the 2015 MOA, which ultimately led to arbitration, raising the same or similar claims asserted in the instant action. In an interim award, the arbitrator found, in relevant part, that the wage-and-hour claims of workers who left employment before the 2015 MOA was in effect were required to pursue arbitration. The arbitrator also held that the arbitration proceeding "shall not be binding upon those individual Plaintiffs whose claims have been held not subject to arbitration by state or federal court(s)." The interim award was confirmed (1199SEIU United Healthcare Workers East v PSC Community Services, 520 F Supp 3d 588 [SD NY 2021]) (the Confirmation Order).
Meanwhile, prior to the Confirmation Order, plaintiffs moved to permanently enjoin arbitration and defendants cross-moved to compel. Supreme Court granted plaintiffs' motion and denied defendants' cross-motion, holding that the 2015 MOA arbitration provision did not apply to plaintiffs because their employment terminated before it came into effect. After the issuance of the Confirmation Order, defendants moved to renew their cross motion. Plaintiffs opposed and sought sanctions and, subsequently moved to strike defendants' answer based on their consistent failure to respond to discovery demands and deadlines.
Supreme Court properly denied leave to renew (see CPLR 2221[e]). The Confirmation Order does not constitute "new facts warranting renewal" (Espinal v City of New York, 107 AD3d 411, 412 [1st Dept 2013]). The District Court did not change applicable law, but instead applied existing law to the facts presented by the petition of plaintiffs' union (see 1199SEIU United Healthcare Workers East v PSC Community Services, 520 F Supp 3d [*2]at 605-608; compare Agarunova v Stella Orton Home Care Agency, Inc., 794 F Appx 138, 139 [2d Cir 2020]). To the extent that the District Court's decision may have been inconsistent with this Court's prior and subsequent decisions (see Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc., 198 AD3d 500, 500-501 [1st Dept 2021], lv denied 38 NY3d 902 [2022]; Hichez v United Jewish Council of the E. Side, Home Attendant Serv. Corp., 179 AD3d 576, 576-577 [1st Dept 2020], lv denied 37 NY3d 909 [2021]; Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596, 596 [1st Dept 2019]; Konstantynovska v Caring Professionals, Inc., 172 AD3d 486, 487 [1st Dept 2019]), it is well settled that lower federal court decisions are "not binding" on New York state courts (People v Garvin, 30 NY3d 174, 182 n 6 [2017]; see also D'Alessandro v Carro, 123 AD3d 1, 6 [1st Dept 2014]).
We again reject petitioner's contention that the Confirmation Order bars this action under the doctrine of res judicata. As we have already concluded, the federal court "made no findings that affect the merits of the issues raised by plaintiffs here, and the federal proceeding and the present state court action do not involve the same parties" (Teshabaeva, 198 AD3d at 500-501).
Defendants' reliance on 1199SEIU United Healthcare Workers East v PSC Community Servs. (2022 WL 6664840, *4, 2022 US Dist LEXIS 185917, *12-13 [SD NY 2022]), which enjoined state class-action claims filed in Hichez v United Jewish Counsel of the East Side Home Attendant Serv. Corp., is misplaced. The District Court specifically addressed and distinguished the instant action from the Hichez state court action (id. at 4) and separately denied defendants' motion to enjoin this action (1199SEIU United Healthcare Workers East v PSA Community Servs., 2022 WL 484861, *3-6, 2022 US Dist 29186, *11-20 [SD NY 2022]).
As for the sanction of legal fees for frivolous conduct, we find no "clear abuse of discretion" (Matter of Kover, 134 AD3d 64, 74 [1st Dept 2015]). The law is clear that legal pronouncements from lower federal courts are not binding precedent in state court actions, and thus, they do not effect a change in the law (see CPLR 2221[e][2]; Garvin, 30 NY3d at 182 n 6; D'Alessandro, 123 AD3d at 6). Defendants' contentions to the contrary "cannot be supported by a reasonable argument for an extension, modification or reversal of existing law" (22 NYCRR 130-1.1[c][1]). Defendants' reliance on the Confirmation Order as a change in the law, under the guise of mandating a "highly deferential" standard of review (see 1199SEIU United Healthcare Workers East, 520 F Supp 3d at 605), is unavailing. Virtually the same arguments were made in support of defendants' initial motion to compel arbitration and the interim award was already considered by this Court. As such, defendants sought in substance to reargue, well after the 30-day period to move for reargument had expired (see Entech Eng'g, P.C. v Leon D. DeMatteis [*3]Constr. Corp., 176 AD3d 500, 501 [1st Dept 2019]; see CPLR 2221[d][3]).
Similarly, "Supreme Court did not abuse its discretion in striking [defendants'] answer based on a pattern of disobeying court orders and failing to provide discovery" (Fish & Richardson, P.C. v Schindler, 75 AD3d 219, 220 [1st Dept 2010]; see CPLR 3126[3]). Plaintiffs commenced this action in October 2017, yet defendants failed to comply with two court-ordered deadlines for discovery responses in 2018, which led to the court granting plaintiffs' first motion to compel discovery, and failed to comply with three additional deadlines in 2019 — all before they moved to compel arbitration. Defendants then failed to meet three more deadlines in 2020, and, after a second motion to compel responses was granted, with warnings of possible sanctions for further violations, they again failed to produce responses by the May 15, 2021 deadline. Defendants' conduct indicates that the "failure to comply [was] willful, contumacious [and] in bad faith" (Reidel v Ryder TRS, Inc., 13 AD3d 170, 171 [1st Dept 2004][internal citations omitted]).
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2023