Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc. (2023 NY Slip Op 05237)

Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc.

2023 NY Slip Op 05237

Decided on October 17, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2023

Before: Webber, J.P., Gesmer, Rodriguez, Rosado, JJ. 

Index No. 158949/17 Appeal No. 816 Case No. 2022-05482 

[*1]Maktumma Teshabaeva et al., Plaintiffs-Respondents,
v
Family Home Care Services of Brooklyn and Queens, Inc., et al., Defendants-Appellants.

Ford Harrison LLP, New York (Richard Bahrenburg of counsel), for appellants.
Virginia & Ambinder, LLP, New York (LaDonna M. Lusher of counsel), for respondents.

Order, Supreme Court, New York County (Alexander M. Tisch, J.), entered July 21, 2022, which granted the motion of plaintiffs Maktumma Teshabaeva and Jian Hua Deng, individually and on behalf of all other persons similarly situated who were employed by defendants Family Home Care Services of Brooklyn and Queens, Inc. for class certification, unanimously affirmed, with costs.
Despite defendant's position otherwise, plaintiffs are not obliged to arbitrate the dispute underlying this action. We have already found in a prior appeal that the named plaintiffs are not bound by the alternative dispute resolution provisions of a December 2015 memorandum of agreement (2015 MOA) that defendants and other home health agencies executed with plaintiffs' union, as the named plaintiffs and the other class members left their employment with defendants before the 2015 MOA went into effect. In addition, we have already found that the arbitrator lacked authority to determine arbitrability, since none of the labor agreements clearly and unmistakably delegated that authority to him (Teshabaeva v Family Home Care Servs. of Brooklyn & Queens, Inc., 198 AD3d 500 [1st Dept 2021], lv denied 38 NY3d 902 [2022]; see also Pustilnik v Premier Home Health Care Servs., Inc., 204 AD3d 479, 480 [1st Dept 2022]; Lorentti-Herrera v Alliance for Health, Inc., 173 AD3d 596 [1st Dept 2019]).
We also reject defendants' argument that this action is precluded by a prior arbitral award in the United States District Court for the Southern District of New York. In February 2022, the federal district court denied defendants' motion to enjoin the named plaintiffs in this case from prosecuting this action, noting that regardless of whether it had subject matter jurisdiction over the matter, the state trial and appellate courts had already considered the effect of the arbitration award and decided unambiguously that the award did not preclude the state court action (1199 SEIU United Healthcare Workers E. v PSC Community Servs., 2022 WL 484861, *7-8, 2022 US Dist LEXIS 29186, *24 [SD NY Feb. 16, 2022, 20-cv-3611 (JGK)]). Accordingly, in the interests of equity, comity, and federalism, the federal court declined to enjoin the state court action (id., 2022 WL 484861, *8, 2022 US Dist LEXIS 29186, *24-25). In light of the federal court's ruling, not to mention the prior decisions from this Court, defendants cannot be heard to argue that the federal arbitral award has a preclusive effect on the named plaintiffs' or class members' claims.
Supreme Court providently exercised its discretion in finding that the named plaintiffs carried their evidentiary burden on all elements of class certification (see CPLR 901, 902; Kudinov v Kel-Tech Constr. Inc., 65 AD3d 481, 481 [1st Dept 2009]). Defendants submitted no evidence in opposition to the named plaintiffs' motion for class certification (see Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 184-186 [2019]).
In determining whether an action should [*2]proceed as a class action, a court may consider whether the asserted claims have merit (Pludeman v Northern Leasing Sys., Inc., 74 AD3d 420, 422 [1st Dept 2010]). That inquiry, however, is limited; plaintiffs need show only that there appears to be some credible cause of action (id.). Here, the named plaintiffs have adequately made such a showing, as the evidence suggests that they and other former health aides were not adequately compensated when they worked 24-hour shifts and did not receive the minimum time for meal and sleep breaks. The evidence also suggests that defendants failed to maintain adequate records related to their compliance with Labor Law requirements or to the hours that the employees actually worked. Hence, the record sets forth evidence of "uniform systemwide violations" that are "particularly appropriate for class certification" (Andreyeva, 33 NY3d at 184).
We have considered defendants' remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2023