22-2917-cv
Sanchez v. Clipper Realty, Inc.

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
BETH ROBINSON,
ALISON J. NATHAN,
*Circuit Judges*.

------------------------------------------------------------------

RODNEY SANCHEZ, on behalf of himself, FLSA Collective Plaintiff and the Class,

*Plaintiff-Appellee*,

v.                                                                No. 22-2917-cv

CLIPPER REALTY, INC., DBA CLIPPER REALTY, CLIPPER REALTY OP L.P., DBA CLIPPER REALTY L.P., CLIPPER REALTY CONSTRUCTION LLC, CLIPPER 107 CH LLC, DBA CLOVER HOUSE, CLIPPER EQUITY LLC, DBA CLIPPER EQUITY,

*Defendants-Appellants*.

------------------------------------------------------------------

FOR DEFENDANTS-APPELLANTS:       Jeffrey D. Pollack, Kevin M. Brown, Timothy J. Quill, Jr., Mintz & Gold LLP, New York, NY

FOR PLAINTIFF-APPELLEE:       C.K. Lee, Rony Guldmann, Lee Litigation Group, PLLC, New York, NY

Appeal from an order of the United States District Court for the Southern District of New York (Katherine Polk Failla, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the order of the District Court is AFFIRMED.

Defendants-Appellants are real estate development and management businesses who appeal from a November 1, 2022 order of the United States District Court for the Southern District of New York (Failla, *J.*) denying their motion to compel arbitration of claims filed by Plaintiff-Appellee Rodney Sanchez.   We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal, to which we refer only as necessary to explain our decision to affirm.

Sanchez is a former employee of Clipper 107 CH LLC ("Clover House"). During his employment Sanchez was a member of a bargaining unit represented

2

by the Building Maintenance Employees Union, Local 486, NOITU-IUJAT. During Sanchez's employment with Clover House, Local 486 and Clover House negotiated and entered into a collective bargaining agreement ("CBA"). The CBA included an arbitration provision for resolving disputes and grievances under the agreement. As both sides now agree, however, this provision did not extend to the arbitration of employees' claims arising under federal and state laws. Sanchez was terminated by Clover House in September 2020 and filed the current action in October 2021, alleging violations of the Fair Labor Standards Act and New York Labor Law on behalf of a putative class, and violations of nondiscrimination statutes on his own behalf. On March 23, 2022, while Sanchez's lawsuit was pending, Local 486 and Clover House entered into an addendum to the agreement (the "Addendum") that expressly provided for the arbitration of employees' statutory claims.

On appeal, Defendants-Appellants argue that the Addendum requires Sanchez to submit his statutory claims to arbitration, even though it was executed over a year and a half after he had left Clover House. We disagree.

"We review a district court's denial of a motion to compel arbitration de novo." *Zachman v. Hudson Valley Fed. Credit Union*, 49 F.4th 95, 100 (2d Cir.

3

2022).   While there is a "federal policy favoring arbitration of labor disputes," courts should not "use policy considerations as a substitute for party agreement."   *Loc. Union 97, Int'l Brotherhood of Elec. Workers, AFL-CIO v. Niagara Mohawk Power Corp.*, 67 F.4th 107, 113 (2d Cir. 2023) (quotation marks omitted). The Federal Arbitration Act "does not require parties to arbitrate when they have not agreed to do so."   *Schnabel v. Trilegiant Corp.*, 697 F.3d 110, 118 (2d Cir. 2012) (quotation marks omitted).   "The threshold question of whether the parties indeed agreed to arbitrate is determined by state contract law principles." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 229 (2d Cir. 2016).

The parties agree that New York law governs our interpretation of the CBA.   *See Abdullayeva v. Attending Homecare Servs. LLC*, 928 F.3d 218, 222 (2d Cir. 2019) (relying on "state contract law principles" to determine the scope of an arbitration provision in a collective bargaining agreement (quotation marks omitted)).   In particular, New York law governs whether Sanchez agreed to and is bound by the Addendum containing the arbitration clause.   "We are bound, as was the district court, to apply the law as interpreted by New York's intermediate appellate courts . . . unless we find persuasive evidence that the New York Court of Appeals, which has not ruled on this issue, would reach a

4

different conclusion." *Pahuta v. Massey-Ferguson, Inc.*, 170 F.3d 125, 134 (2d Cir. 1999). While the New York Court of Appeals has never ruled on the issue, New York's intermediate appellate courts have repeatedly held that plaintiffs are not bound by the arbitration terms of a CBA addendum when they were "no longer defendant's employees when it was executed, they were not parties to that agreement, and there is no evidence that the [u]nion" executing the agreement "was authorized to proceed on their behalf." *Konstantynovska v. Caring Pros., Inc.*, 103 N.Y.S.3d 364, 365 (1st Dept. 2019); *see Lorentti-Herrera v. Alliance for Health, Inc.*, 104 N.Y.S.3d 103, 104 (1st Dept. 2019) ("[N]either [plaintiff] nor any other class member who was not employed by defendant when the [CBA modification] was entered into is bound by the [modification's] arbitration provision."); *Teshabaeva v. Family Home Care Servs. of Brooklyn & Queens, Inc.*, 156 N.Y.S.3d 21, 22 (1st Dept. 2021); *Hichez v. United Jewish Council of the E. Side*, 117 N.Y.S.3d 214, 216 (1st Dept. 2020); *Pustilnik v. Premier Home Health Care Servs., Inc.*, 164 N.Y.S.3d 446 (1st Dept. 2022).

There is no dispute that Sanchez was no longer employed by Clover House at the time the Addendum was executed. While unions "enjoy[] broad authority in the negotiation and administration of the collective bargaining

contract" and serve as the employees' "exclusive representative for the purposes of collective bargaining," *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 255–56 (2009) (cleaned up), their authority to do so "traditionally runs only to the members of [the] collective-bargaining unit," *Schneider Moving & Storage Co. v. Robbins*, 466 U.S. 364, 376 n.22 (1984). The CBA provides that Local 486 is the "sole and exclusive bargaining agency for all its full-time and regular part-time" porters, handymen, and concierge at Clover House. J.A. 17. The District Court properly interpreted the CBA to mean that Local 486 had the authority to represent only current employees. *See Schneider Moving & Storage Co.*, 466 U.S. at 376 n.22. And there is no record evidence that Sanchez otherwise authorized Local 486 to negotiate the Addendum on his behalf. *See Konstantynovska*, 103 N.Y.S.3d at 365. Local 486 therefore had no authority to negotiate any agreement on Sanchez's behalf after his employment with Clover House ended.

Defendants-Appellants argue that by refusing to compel Sanchez to arbitrate his statutory claims, the District Court ignored the "liberal federal policy favoring arbitration agreements." *Meyer v. Uber Techs., Inc.*, 868 F.3d 66, 73 (2d Cir. 2017) (quotation marks omitted). But as we recently explained, policy considerations are no substitute for party agreement. *See Niagara Mohawk*

6

*Power Corp.*, 67 F.4th at 113.   Citing *Smith/Enron Cogeneration Ltd. P'ship, Inc. v. Smith Cogeneration Int'l, Inc.*, 198 F.3d 88, 99 (2d Cir. 1999), Defendants-Appellants also maintain that absent an explicit temporal limitation, an arbitration agreement may cover claims that accrued before the execution of the agreement to arbitrate.   Because we conclude as a matter of New York law relating to former employees that Sanchez was not bound by the Addendum, we do not think it makes a difference that the Addendum lacks such a temporal limitation.

## CONCLUSION

We have considered Defendants-Appellants' remaining arguments and conclude that they are without merit.   For the foregoing reasons, the order of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

7